JOSEPH K. SUMRALL, Respondent, *v.* SUN MUTUAL INSURANCE COMPANY, Appellant.

1. *Action—Assignment—Interest—Contract.*—The interest due and to become due by an insurance company to a subscriber to its guaranty fund is assignable, subject however to the equities existing between the parties.

2. *Corporations — Charter—Amendments—Acceptance.*—The acceptance of a charter by the corporation, and the acceptance of amendments to an existing charter, may be proved by the acts of the officers and members of the corporation, from which the fact of acceptance may be inferred.

*Appeal from St. Louis Court of Common Pleas.*

The following declarations of law were asked by defendant and refused:

1. The writing read in evidence purporting to be an assignment made by Edward Dobyns to plaintiff, dated July

23, 1863, is not sufficient in law to vest in the plaintiff the right to claim or recover of the defendant the amount of interest sued for in this case.

2. If the court finds from the evidence that certain persons were members of the Sun Mutual Insurance Company at the time of the passage of the act of the General Assembly approved January 16, 1860, read in evidence by the plaintiff; and if the court also finds from the evidence that a large number of the same persons continued to be members of the defendant until this suit was begun, and since then, the plaintiff cannot recover in this action unless he has shown in evidence to the satisfaction of the court that the said persons, who were and who continued to be members of the defendant as aforesaid, either assented to the passage of said act, or that they accepted its provisions.

3. There is no evidence in this case to show that the persons who were members of the company at the time of the passage of the act of January 16, 1860, ever assented to the passage of said act or accepted its provisions.

4. The plaintiff cannot recover against defendant for any interest that has accrued on the $16,500 subscription in question since the assignment was made by Dobyns to plaintiff.

The court rendered a verdict and judgment for the plaintiff for $2,200.

*Krum & Decker*, for appellant.

I. The original shareholders of a private corporation are not bound to accept the amendments passed by the Legislature which increases their liability and divests them of rights acquired under the original compact. The charter under which they organized is a contract, and while the right of the Legislature " to repeal, alter or suspend" is not denied, yet it is denied that they can impose upon original shareholders a liability to pay $5,000 annually to subscribers to a so called "guaranty fund," and destroy the vested rights of members by introducing into the corporation new members with one thousand votes, to overpower the others having only one vote

each. Never having accepted or approved this amendment, the defendant and its members are not bound by it. The directors exceeded their authority, and, like other agents acting beyond the scope of their power, are individually liable—Ang. & Am. on Corp., § 31, and cases; id. § 537, and cases.

It is not denied that every charter under the 7th sec. of corporation act of 1855 is "subject to alteration, suspension, and repeal"; but there must be some limit to this power. Under this reservation, a Legislature cannot divest rights acquired even as against a public corporation (City of St. Louis v. Russell, 9 Mo. 512), much less against a private corporation (Commonwealth v. Essex Co., 13 Gray, 239, 253). In Sage v. Dillard, 15 B. Mon. 340, it was held that the power to alter, suspend and repeal did not authorize the Legislature to add new members to a corporation. This amendment adds new members with one thousand votes at the mere whim of directors, and thus puts the corporation, its property and franchises, out of the original corporators.

It will be observed that the case at bar is clearly distinguishable from Pacific R.R. v. Renshaw, 18 Mo. 210.

II. The contract between Dobyns and the defendant under the amendment sued on was a personal one, and could not be assigned so as to relieve the assignee from the failure of Dobyns, before or after assignment, from paying assessments. Therefore the failure on the part of Dobyns to pay the assessment made in January, 1863, for $2400, of which he had due notice and demand, was a complete bar to the action.

*Casselberry*, for respondent.

FAGG, Judge, delivered the opinion of the court.

The questions for consideration in this case all arise upon the instructions which were asked by the appellant at the trial in the court below and refused. The plaintiff below (respondent here) commenced an action in the St. Louis

Court of Common Pleas to recover the interest alleged to be due by said company on a subscription to its guaranty fund (so called) make by one Edward Dobyns, the said interest having been assigned to the said Joseph K. Sumrall as averred in the petition. The company was chartered by an act of the Legislature approved March 14, 1859; there was no provision in this act exempting it from alteration, suspension, or repeal, in the discretion of the Legislature, as provided by the general laws concerning corporations—R. C. 1855, p. 571, § 7.

On the 16th of January, 1860, an amendatory act was approved providing for a guaranty fund of not less than twenty-five nor more than fifty thousand dollars, to be subscribed in shares of fifty dollars each. The subscribers were required to execute their notes for the amount subscribed, with security therefor, if required by the directors, and to be assessed for the payment of losses in the same manner as premium notes given to said company. In sec. 4 of this act (Sess. Acts of 1859–60, p. 167) it is expressly provided that "parties subscribing shares in such guaranty fund shall be entitled to claim of said company interest not to exceed ten per cent. per annum on the amount of their respective notes, as the directors may determine, which interest shall be payable semi-annually." The other provisions need not be referred to, as they are not essential to an understanding of the questions presented here.

The answer contains several grounds of defence, but it is only necessary to consider the two which have been relied upon here as sufficient to defeat the plaintiff's recovery.

First it is averred that Dobyns had no interest which he could transfer by assignment, and defendant in his first instruction asked the court so to declare the law. The court committed no error in refusing it. For the purpose of considering this point, it may be assumed that there had been an acceptance of the amended charter. He had made his subscription and executed his note for the same in the man-

ner required by the terms of the act. He had done all that the law imposed upon him, and the obligation of the company to pay him interest upon that amount, at such rate as the board of directors should prescribe, was full and complete. No reason is perceived why such a claim could not be transferred by assignment. It is true that the assignee must take it subject to any claim on the part of the company that would constitute a set-off against it. The existence of any such claim was a fact to be found by the court sitting as a jury. The answer sets up an unpaid assessment made by the directors on the 10th of February, 1863, amounting to the sum of $2,475 on the subscription and note of Dobyns. This suit was instituted on the 14th of March, 1863, and the judgment was obtained on the 5th day of July, 1865. The fact that such an assessment was made seems not to have been denied, but the court disregarded it entirely in making up the amount of the verdict. By the terms of the amended charter, as well as the note of Dobyns itself, it is expressly stipulated that all sums of money paid by the subscribers to this sum upon assessments made should be repaid by the company within sixty days after payment, with ten per cent. interest thereon. So that in reality it is not to be treated as a debt due the company, but a mere obligation to lend it that amount of money, and therefore is not properly the subject of set-off.

The fourth instruction assumes that in no event was the plaintiff entitled to interest upon the subscription after the assignment of Dobyns. The proof of the assignment shows that it was expressly stated to be a transfer of all claim to the interest then due, or that should thereafter accrue, and was certainly as effective to pass the one as the other.

The second instruction assumes that all of the acts of the directors under the amendatory charter of the company were without authority of law, and should be held to be null and void, because it was not shown that there had ever been an acceptance of it by the members. The third declared

that there was no evidence of acceptance whatever, and these may properly be considered together.

Whatever may be said in reference to both of these instructions, we think they were not warranted by the testimony. This company was organized under the act passed in 1859; and the amendatory act of 1860, as shown by the testimony of the acting president at the date of the commencement of this suit, was drawn up by the attorney, and its passage by the Legislature procured upon the application of at least a portion of the directors. The board of directors authorized the opening of the books of subscription to the guaranty fund provided for by the amendment, at different times after the subscription by Dobyns made assessments thereon, and at various times by the by-laws of the company recognized this subscription by regulating the rate of interest to be paid upon the same, and the date at which the computation should commence. So that, as far as their corporation is concerned, it is completely estopped by the acts of its officers, and the acceptance of the amendment may be legitimately presumed. These corporations enter so largely into the general trade and business of the country, and are so essentially necessary to give security to the capital employed in the great variety of commercial pursuits, that their acts must, to a very great extent, carry with them the same legal presumptions that attach to the acts of individuals. It was said by Judge Story, in delivering the opinion of the court in the case of Bank of U. S. v. Dandridge, 12 Wheat. 64, that, "in relation to the question of acceptance of a particular charter by an existing corporation, or by corporators already in the exercise of corporate functions, *the acts of the corporate officers are admissible evidence from which the fact of acceptance may be inferred.*"

The court below, sitting as a jury, having found for the plaintiff, and judgment being entered accordingly, the same must be affirmed. The other judges concur.