TURNER AND KNIGHT, Defendants in Error, v. INCREASE ADAMS, Plaintiff in Error.

1. *Equity — Chancery proceedings by attaching creditor, to set aside sale under judgment and execution — Not necessary always to exhaust legal remedies prior thereto.*— Generally speaking, a mere creditor (and he may be an attachment creditor who has not obtained a judgment) can not ask the interposition of a court of equity to set aside an execution sale of land under another judgment against the same person. He must first exhaust his legal remedies, and this is usually done by obtaining judgment and execution, with return of *nulla bona*. But where it is shown that the judgment debtor is insolvent, and that the issue of an execution would be of no practical utility, its issue may be dispensed with, and the attaching creditor may resort directly to chancery for his remedy against such judgment creditor, without such prior proceedings.

2. *Sheriff's sale — Imposture at, title under worthless.*— The title of a purchaser at a sheriff's sale, who practices any deceit or imposture, or who is guilty of any trick or device, the object of which is to get the property at an under-value, is void and utterly worthless.

*Error to Sixth District Court.*

*Henderson & Dyer,* and *Campbell,* for plaintiff in error.

I. Until Turner and Knight proceed to sell the land in ques tion under their judgment in attachment, they are in no condition to ask that the deed of Adams, made by the sheriff in 1862, be set aside.

II. The lien of an attachment writ is not such an interest in

land as to enable the plaintiffs in the proceedings to attach a legal title.

III. The mere statement of Adams to the sheriff, that he would pay off the judgment against Buchanan and himself, or that he would not sell at that term of the court, constitutes no fraudulent representation. 1. Because it was not made to Turner and Knight. 2. It is not alleged that it was intended and designed that it should be communicated to them, or either of them, or their agents. 3. Adams was a defendant in the execution, not the plaintiffs or the agent of the plaintiffs. Bacon and Milroy were the plaintiffs, and no declarations of Adams in regard to the sale or postponement of the sale could carry such weight as to work a fraud on Turner and Knight, or either of them. 4. If Stewart had purchased the property himself, his title would have been good as against Turner and Knight. It does not appear that Stewart was acting in concert with Turner and Knight, or that any purchase made by him was to inure to their benefit. Hence the allegation that Stewart was induced to refrain from bidding by Adams, whatever injury it might bring upon Buchanan, could not work a fraud upon Turner and Knight.

*E. A. Lewis*, and *McKee & Buckner*, for defendants in error.

I. Where a purchaser at sheriff's sale, by unfair practices, manages to get the property at a price far below its value, any creditor having a matured lien upon the property may have the sale declared null. A mere attaching creditor may have no such right, because the whole force of his attachment is contingent upon success in prosecuting his suit to judgment, and he therefore occupies no better position than that of any general creditor. But no such reasoning can apply to the judgment creditor, whose lien is fixed and final. Still less is it applicable to one who has a special *fieri facias* against the very property under consideration. (Martin v. Michael, 23 Mo. 50 ; Hadden v. Spader, 20 Johns. 555.)

II. The second alleged cause of demurrer does not truly

represent the allegations in the petition. It does distinctly appear that the defendant made the false representations to the sheriff and others for the specific purpose of having them conveyed to plaintiffs' agent and other intending bidders; that they were so conveyed, and operated to the effect for which they were designed. The defendant is just as responsible for their consequences as if they had been made by him directly to the plaintiffs or their agent. (Stewart v. Nelson, 25 Mo. 309.)

III. If no other cause of action appeared in the petition, there was enough to sustain it against the demurrer, in the allegation that the defendant bought off the bidder, David Stewart, before the sale. (Wooton v. Hinkle, 20 Mo. 290; Neal v. Stone, *id*. 294; Stewart v. Nelson, 25 Mo. 309; Martin v. Michael, 23 Mo. 50; Abbey v. Dewey, 25 Penn. St. 413; Mills v. Rogers, 2 Littell, 217; Hadden v. Spader, 20 Johns. 555; Potts v. Blackwell, 3 Jones' Eq., N. C., 449; Hendricks v. Robinson, 2 Johns. Ch. 283; McDermott v. Strong, 4 Johns. Ch. 608; Williams v. Brown, *id*. 682.)

WAGNER, Judge, delivered the opinion of the court.

The allegations in the petition are that on the 23d of March, 1860, a judgment was rendered in the Lincoln County Circuit Court in favor of Milroy and Bacon against defendant Adams, T. G. Buchanan, and others, for $259.05; that Buchanan being largely indebted, writs of attachment, at the suit of plaintiffs and other creditors, were placed in the sheriff's hands on the first of February, 1862, and were levied on a tract of land containing about $233\frac{24}{100}$ acres, and worth at least $3,000; that in September, 1863, judgments were rendered in said attachment suits as follows: in favor of plaintiffs for $2,664.50; in favor of one of the plaintiffs, Thos. Turner, for $423.35, and in favor of Henry J. Pollard for $914.36, with costs in each case. Special executions were issued against the attached property under the Milroy and Bacon judgment, which antedated the attachments. The attached land was advertised by the sheriff to be sold on the 20th day of March, 1862. Prior to the day of sale, but after the levying of the attachments mentioned, one David Stewart also sued out

an attachment against Buchanan, and had it levied upon the same land. The petition also alleged that on the day of sale, plaintiffs, by their agent, and the said David Stewart in person, were present intending to bid the land up to something like its value, so that they might realize satisfaction, in whole or in part, of their respective demands; that defendant, who was a co-defendant in the Milroy and Bacon judgment, caused it to be understood and given out by the sheriff and other persons, that he intended to pay off that judgment, or else would have the sale postponed until the next term of court; that this information coming to plaintiffs' agent from the sheriff, he left the court-house and departed for his home in another county; that defendant, having thus gotten plaintiffs' representative out of the way, bought over the said Stewart by paying him the sum of five hundred dollars to refrain from bidding; that by means of these practices, defendant was enabled to purchase said land at the sheriff's sale for the small sum of $331.16, thus depriving plaintiffs and the other attaching creditors of all benefit of their judgments, and of the land levied on, which, if fairly sold, would have nearly satisfied them; that the said statements made by defendants were false and fraudulent, and were expressly designed to prevent bidding at the sale, and to cheat and defraud as well the said Buchanan, as his creditors, the plaintiffs and others; and that defendant's collusion with and bribery of Stewart were with the same design and to the like effect; that but a small sum was realized for plaintiffs' judgments from the sale of other property, and the residue remains unpaid, there being no property of said Buchanan out of which the same could be made.

The prayer of the petition is that the execution sale be set aside, that a re-sale be ordered, and for a proper distribution of the proceeds, etc. To this petition there was a demurrer, which was sustained in the Circuit Court, and judgment rendered thereon for defendant. This judgment was reversed in the District Court, and the case is brought up by writ of error.

To sustain this judgment it will not be necessary to go as far as this court has recently gone in the case of Merry et al. v. Fremon et al., 44 Mo. 518. It is presumed that the action of

the Circuit Court was predicated upon the authority of Martin v. Michael, 23 Mo. 50. That case decided that a creditor at large, who had commenced suit by attachment for his debt, but who had not obtained judgment therefor, was not entitled to invoke the equitable interference of the courts to annul judgments fraudulently confessed by the debtor in favor of other persons, or to restrain by injunction the disposition of the debtor's property through the means of executions issued on such confessed judgments. It is generally true that a mere creditor who has not a judgment, and who may never obtain a judgment, has not the right to ask equitable interposition of this kind; and an attaching creditor stands in no better position, for the whole force of his attachment depends on his success in prosecuting his suit to judgment.

The rule is that it is necessary to exhaust all legal remedies before applying for the assistance of a court of chancery, and this is usually evidenced by a judgment, the issuance of an execution, and a return of *nulla bona*. But the cases hold that, where it is shown that the judgment debtor was insolvent, and that the issue of an execution would necessarily be of no practical utility, its issue might be dispensed with. (See Merry *et al.* v. Fremon *et al.*, *supra*; McDowell v. Cochran, 11 Ill. 31; Postlewaite v. Howes, 3 Clark, Iowa, 366.) Chancellor Kent, in McDermutt v. Strong, 4 Johns. Ch. 690, stated the true doctrine to be "that if the creditor has taken and exhausted all the means in his power at law, he will be entitled to the aid of a court of chancery, to discover and apply the property to satisfy the execution."

The plaintiffs prosecuted their suits by attachment to judgment, and had special executions issued; their rights were then fixed and determinate. The insolvency of Buchanan, the defendant in the attachment suits, sufficiently appears; for it is alleged that only a small sum was realized for plaintiffs' judgments from the sale of other property, and that the residue remains unpaid. It is evident that their only recourse is by proceeding against this property. As there were three several judgments all standing in the same situation, if the plaintiffs are devoid of redress

without a sale of the property on execution, it would require three separate trials for the parties to obtain their rights. This proceeding attains the same object and avoids multiplicity of suits.

That the title of a purchaser at a sheriff's sale, who practices any deceit or imposture, or who is guilty of any trick or device, the object of which is to get the property at an under-value, is void and utterly worthless, is a proposition running through the entire range of the law. If the representations and acts complained of in the petition were true, they operated as a fraud on the plaintiffs in a matter in which they had a direct interest. Defendant induced the representations on which plaintiffs' agent acted, to their detriment and injury, and then suppressed bidding by resorting to bribery. He gained an unconscionable advantage at the expense of the plaintiffs, and I am of the opinion that he ought not to be permitted to retain it.

Judgment affirmed. The other judges concur.