DODD, BROWN & COMPANY, Respondent, *v.* CAROLINE
LEVY ET AL., Appellants.

March 22, 1881.

Where the creditor's demand is purely legal and has not been reduced to a
judgment, the fact of the debtor's non-residence will not give jurisdiction
to set aside a fraudulent conveyance of the non-resident's property
within the jurisdiction.

APPEAL from the St. Louis Circuit Court, WICKHAM, J.
*Reversed and dismissed.*

HENDERSON & SHIELDS, for the appellants : A creditor
cannot set aside a conveyance made by his debtor, until he
has obtained judgment and exhausted the usual means of
enforcing collection at law. — *Wiggins* v. *Strong*, 2 Johns.
Ch. 144 ; *Martin* v. *Michael*, 23 Mo. 95 ; *Merry* v. *Fre-
mon*, 44 Mo. 518 ; *Turner* v. *Adams*, 46 Mo. 95 ; *Alnutt* v.
*Leper*, 48 Mo. 319 ; *Pendleton* v. *Perkins*, 49 Mo. 565 ;
*Kent* v. *Curtis*, 4 Mo. App. 121 ; *Tennent* v. *Battea*, 18
Kan. 324 ; *Fleming* v. *Grafton*, 54 Miss. 79 ; *Morgan* v.
*Boyne*, 7 Neb. 429 ; *Public Works* v. *Columbia College*,
17 Wall. 521.

MYERS & ARNSTEIN, for the respondent : The fraudulent
conveyance and the impossibility of obtaining a personal
judgment against the debtor justify resort to a court of
equity in the first instance. — *Merry* v. *Fremon*, 44 Mo.
518 ; *Alnutt* v. *Leper*, 48 Mo. 319 ; *Kent* v. *Curtis*, 4 Mo.
App. 121 ; *Lackland* v. *Smith*, 5 Mo. App. 153 ; *Scott* v.
*McMillen*, 1 Litt. 302 ; *Kippen* v. *Glancey*, 2 Blackf. 356 ;
*Peay* v. *Morrison*, 10 Gratt. 149 ; *Brittain* v. *Quiet*, 1
Jones Eq. 328 ; *Pope* v. *Solomon*, 36 Ga. 541.

THOMPSON, J., delivered the opinion of the court.

This is a suit in equity to set aside an alleged fraudulent
conveyance of real estate situated in St. Louis, Missouri.
The plaintiffs have not reduced their demand to a judgment

at law; but it is evidenced by certain promissory notes of the defendant Silvain Levy, who is a resident of the State of Illinois. The answer of this defendant was a general denial, which, of course, includes a denial of the existence of the debt. At the commencement of the trial, the defendant's counsel objected to the introduction of any testimony, for the reason, among others, that there was no averment in the plaintiff's petition that they had reduced their demand to a judgment at law. The learned judge who heard the cause overruled this objection, and the cause was heard at great length on its merits. It will be unnecessary for us to consider any other question in the case, for, upon this ruling alone, the judgment must be reversed and the suit dismissed.

It is elementary doctrine that a court of equity will not entertain a creditor's bill to set aside a fraudulent conveyance unless the creditor has either prosecuted his demand to a judgment at law, or shows that it is impossible for him to do so. We shall not go into the learning on this subject, of which there is a great accumulation, reaching back more than a hundred years, because the subject has been thoroughly considered by the Supreme Court of this State (*Martin* v. *Michael*, 23 Mo. 50; *Merry* v. *Fremon*, 44 Mo. 518; *Alnutt* v. *Leper*, 48 Mo. 319; *Turner* v. *Adams*, 46 Mo. 95; *Pendleton* v. *Perkins*, 49 Mo. 565); and also by this court (*Luthy* v. *Woods*, 1 Mo. App. 167; *Kent* v. *Curtis*, 4 Mo. App. 121). It is true that the lien of a judgment is not necessary, though that is an usual incident of a judgment. *Merry* v. *Fremon*, 44 Mo. 518; *Alnutt* v. *Leper*, 48 Mo. 319. Neither is it always necessary that an execution should be sued out, and that it should be returned *nulla bona*. *Turner* v. *Adams*, 46 Mo. 95.

But no decision in this State goes to the length of holding that, where the demand of the creditor is purely a legal demand, and the debtor has visible property within the jurisdiction, which may be reached by attachment, the mere

fact that he is a non-resident will authorize the bringing of a creditor's bill in the first instance. The language of Judge Bakewell in *Lackland* v. *Smith*, 5 Mo. App. 153, cannot be invoked in support of such a doctrine, because, in that case, the creditor had recovered a judgment in a suit by attachment upon the notes of the debtor, held by him, and had proceeded in that suit as far as he could, having even made an ineffectual attempt to garnish the trustee who held the fund against which he proceeded ; and the Supreme Court had held, with reference to the same subject-matter, that the proper remedy *of the judgment creditor* was in equity (*McIlvaine* v. *Smith*, 42 Mo. 45), and that the property being encumbered with a trust, was not subject to garnishment. *Lackland* v. *Garesché*, 56 Mo. 267. Neither can *Pendleton* v. *Perkins*, 49 Mo. 565, be invoked in support of such a doctrine ; for there, although the debtor was a non-resident, yet the fund sought to be reached was in the treasury of the city of St. Louis, and was, by statute, exempt from garnishment. In that case, after reviewing a number of cases, Judge Bliss states the conclusion of the court to be that, " when the debtor has absconded, and there is no statutory proceeding by which his property can be reached, a creditor's bill will lie in the first instance, and from the necessity of the case." The case of *Luthy* v. *Woods*, 1 Mo. App. 167, was like the preceding, except that the debtors were residents of the State, and a personal judgment could have been had against them without difficulty. But the fund against which the creditor proceeded without first establishing his demand by judgment, was in the hands of the St. Louis School Board, so that, by force of statute, it was not subject to garnishment, either under an attachment or execution. There is a vital distinction between that case and the case before us. There, the creditor could not impound the fund by attachment, and unless he had been permitted to bring his bill in equity in the first instance he might have lost his remedy altogether. But in

the present case, the debtor, though a non-resident, has, if the plaintiff's contention is good, tangible property, to wit, real estate, which cannot run away. If, as alleged, he has fraudulently conveyed this property to a trustee for his wife, the plaintiff's remedy, as pointed out by the Supreme Court in *Lackland* v. *Smith*, 56 Mo. 267, is by attachment upon the debtor's alleged interest therein. Having obtained jurisdiction by a valid levy and by publication, or by service of process on the debtor in the mode pointed out by the statute, they may, if their demand against the defendant, Silvain Levy, is a good one, establish it in a judgment, under which they may sell his interest in the property, become the purchasers, if necessary, and then they can invoke the aid of a court of equity. This leaves to the debtor the right, if he appears, as he did in this case, to contest the demand before a jury.

If it is objected that the rule which requires the creditor to resort to an attachment, in cases such as this, before he can have the aid of equity, drives him to a useless circuity of action, the answer is, that the same objection may be made in all cases to the well-established rule, that equity will not aid a party until he has exhausted his remedies at law.

I cannot refrain from expressing my sympathy with the efforts which are frequently made to extend the jurisdiction of the courts in this particular ; but I cannot allow this sympathy to control my conclusions as a judge. We sit here to administer the law as we understand it to exist, not as we wish it to be. We all agree that we cannot go any further in extending equitable remedies to general creditors than this court went in *Luthy* v. *Woods*, and that if any further extension of this jurisdiction is to be made, it should be made by the Supreme Court, or by the Legislature.

The judgment is reversed and the petition dismissed. All the judges concur.