CAMILLA S. McMANUS, Respondent, v. J. J. McDOWELL ET AL., Appellants.

February 14, 1882.

1. The probate court has no jurisdiction to try an action against a former executor for a debt due by him to the testator before the latter's death.

2. A judgment of the probate court which recites that it is in part for a debt due by a former executor to the testator while living, is void, and a sale of real estate under it passes no title.

3. The reversal of a judgment removing an executor, and an order reinstating him, cancels a judgment rendered against him, pending the appeal, at the suit of an administrator *de bonis non.*

Appeal from the St Louis Circuit Court, Boyle, J. *Affirmed.*

D. T. Jewett, for the appellants, cited : Wag. Stats., p. 72, sect. 8 ; p. 119, sect. 1 ; p. 81, sect. 67 ; p. 87, sect. 32 ; *McCarty* v. *Frazer,* 62 Mo. 263 ; *Johnson* v. *Beasley,* 65 Mo. 250 ; *The State* v. *Douglass,* 50 Mo. 593 ; *Haeussler* v. *Scheitlin,* 9 Mo. App. 303.

Sim. T. Price, for the respondent : A reversal of a judgment restores a party to all the rights he had before the judgment. — *Gott* v. *Powell,* 41 Mo. 417 ; *Jones* v. *Hart,* 60 Mo. 364 ; Freem. on Judg., sect. 482 ; *Brown* v. *Troup,* 33 Miss. 35. Reversal of a prior judgment causes a subsequent judgment, recovered on the prior judgment, to fall with it. " This is a principle founded in plain common sense, and in the law of immutable justice." — *Waldon* v. *Ely,* 2 N. J. L. *79 ; *Steelman* v. *Ackley,* 2 N. J. L. *165 ; *Johnson* v. *Van Dorm,* 3 N. J. L. *375 ; *Anderson* v. *Radley,* 3 N. J. L. *1035. The jurisdiction of courts of limited powers must affirmatively appear from the record. There is no presumption that they had jurisdiction. — Freem. on Judg., sect. 517 ; *Eaton* v. *St. Charles County,* 8 Mo. App. 185 ; *Tebbetts* v. *Tilton,* 31 N. H. 289 ; *Withers* v. *Patterson,* 27 Texas, 491 ; *Thomas* v. *Dunica,* 15 Mo. 385. " No title passes under or by virtue of an execution issued upon a void judgment ; and if a judgment is void, advantage can be taken of it in any collateral proceeding." — Freem. on Judg., sect. 120 ; *Fithian* v. *Monks,* 43 Mo. 502.

Thompson, J., delivered the opinion of the court.

This is an action of ejectment, commenced in the St. Louis Circuit Court, for the recovery of the possession of a

lot of ground situated on Morgan Street, in the city of St. Louis, and for rent and damages for the detention thereof. The petition is in the usual form, and the answer is a general denial. On the trial the plaintiff obtained judgment, from which the defendants have appealed.

The plaintiff, in support of her title, offered in evidence : —

1. A certified copy of a judgment record of the St. Louis Circuit Court, in favor of the plaintiff against Thomas A. Walker, said judgment being dated October 11, 1877.

2. A sheriff's deed, and papers thereto annexed, dated July 28, 1880, whereby the sheriff, by levy and sale under an execution issued upon said judgment, had conveyed the land in controversy to plaintiff in this suit.

It was admitted that Thomas A. Walker was the common source of title, from whom both the plaintiff and the defendants claimed title.

It was also admitted that the defendant McDowell was the tenant of the defendant Williams, in possession when this suit was commenced, paying for said land a monthly rent of $25.

The plaintiff also offered evidence showing damages and the monthly rental value of the land, and then rested.

The defendants, to support their title, then offered in evidence the deed of the marshal of the city of St. Louis, and papers thereto annexed, dated September 25, 1877, whereby the land in suit was sold to the defendant Williams, as trustee for the wife of Thomas A. Walker.

It was admitted that the defendants had been in possession of said land since the sale thereof to the defendant Williams by the marshal.

The defendant here rested.

The plaintiff, in rebuttal, offered in evidence, as a substitute for the full record, what was agreed by the attorneys for both parties to be a correct abstract of certain records of the probate court of the county (now city) of St. Louis

and of the St. Louis Circuit Court and the St. Louis Court of Appeals.

The defendants' attorney objected to them as incompetent and irrelevant evidence, but did not object because they were abstracts.

This evidence was admitted by the court, the defendants, by their counsel, excepting.

The abstracts are as follows : —

" Thomas A. Walker was duly commissioned as executor of the will of his father, Isaac Walker, in 1868.

" January 8, 1873, the probate court of St. Louis County removed Thomas A. Walker as executor, on the ground of alleged non-residence. On the same day an appeal was allowed the said Walker from said order of removal, to the circuit court of St. Louis County.

" On March 4, 1874, on a trial anew in the circuit court, the order of the probate court was sustained.

" On March 18, 1874, an appeal was allowed to the general term of the circuit court.

" On June 24, 1874, the general term affirmed the special term.

" On July 6, 1874, the general term allowed an appeal to the supreme court. Cause was thence transferred to the court of appeals, which, on March 7, 1876, reversed the judgment below, and rendered its own judgment, dismissing the proceedings for removal.

" On April 17, 1876, the probate court, in pursuance of the judgment of the court of appeals, on receipt of a mandate, reinstated Thomas A. Walker as executor. For a subsequent cause he was removed on July 28, 1877.

" On January 8, 1873, the same day on which Walker was first removed, the probate court appointed John G. Priest administrator, etc., as successor to Thomas A. Walker, removed. And said Priest thereafter commenced a proceeding in the probate court against said Walker, to recover from him the assets of the estate in his hands, when

he was removed as executor, and balance of a debt due by him to his testator.

"And on July 22, 1874, the probate court rendered its judgment against said Walker, in said proceeding, for $38,941.17 ; and on March 1, 1875, modified said judgment by reducing the amount thereof to $26,498.51, and the return of certain scrip and stock belonging to the estate and in possession of said Walker ; the said judgment being partly for the balance of debt due by said Walker to his testator.

"On July 28, 1877, Thomas A. Walker, in virtue of an agreement between himself and the other heirs of Isaac Walker, was again removed from the office of executor. And afterwards, on same day, John G. Priest was appointed and qualified as successor to the said Walker, as administrator with the will annexed.

"On August 16, 1877, said Priest, as administrator, with the consent of the heirs of Isaac Walker and the probate court, assigned on the record said judgment as modified, to George J. Williams, as trustee for Mary C. Walker,. wife of Thomas A. Walker, for the expressed consideration of $7,500.

"On August 18, 1877, said Williams had execution issued from the probate court on said judgment, and levied the same on the lands set off to Thomas A. Walker, as his part of his father's estate ; and the lot here sued for is a part of those lands."

This was all the evidence offered by the plaintiff to sustain her title.

The court, at the request of the plaintiff, gave the following instructions : —

"*First.* The court, sitting as a jury, declares the law to be, that the judgment of the probate court was avoided, when the judgment of removal was reversed and Walker reinstated, and that the judgment ceased to exist, and, therefore, it must find for the plaintiff.

" *Second.* The court, sitting as a jury, declares the law to be, that even if the judgment of $26,498.51, against Walker, was not vacated by the reversal of the order of renewal, yet, when Walker was reinstated, he thereby became payor and payee of the judgment, and that it was immediately upon his reinstatement, discharged by operation of law, and, therefore, it must find for the plaintiff.

" *Third.* The court, sitting as a jury, declares the law to be, that the probate court has no jurisdiction of a suit to collect a debt due by an executor to his testator, and that the judgment against Walker, being in part for such debt, the judgment is void, and, therefore, it must find for the plaintiff."

To the giving of these instructions, the defendants' counsel duly excepted.

The defendants asked no instructions.

The questions which arise upon this record will best be understood if the provisions of the statute existing at the time which bear upon them are considered. The statute relating to executors and administrators contained the following provisions : " Letters testamentary and of administration shall in no case be granted to a non-resident of this state, and, where an executor or administrator shall become non-resident, the court having jurisdiction of the estate of the testator or intestate of such executor or administrator, shall revoke his letters." Wag. Stats. 72, sect. 8.

"Appeals shall be allowed from the decisions of the court having probate jurisdiction to the circuit court in the following cases : * * * ninth, on all orders revoking letters testamentary or of administration." Wag. Stats. 119, sect. 1.

" If all the executors or administrators of an estate die or resign, or their letters be revoked, in cases not otherwise provided for, letters of administration of the goods remaining unadministered shall be granted to those to whom administration would have been granted if the original

letters had not been obtained, or the persons obtaining them had renounced the administration; and the administrator shall perform the like duties and incur the like liabilities as the former executor or administrators." Wag. Stats. 77, sect. 46.

" If any executor or administrator die, resign, or his letters be revoked, he or his legal representatives shall account for, pay, and deliver to his successor, or to the surviving or remaining executor or administrator, all money, real and personal property of every kind, and all rights, credits, deeds, evidences of debt, and such papers of every kind, of the deceased, at such times and in such manner as the court shall order, on final settlement with such executor or administrator, or his legal representatives." Wag. Stats. 77, sect. 47.

" The succeeding administrator, or the remaining executor or administrator, may proceed at law against the delinquent and his securities, or either of them, or against any other person possessed of any part of the estate." Wag. Stats. 77, sect. 48.

" If any executor or administrator resign, or his letters be revoked, the court shall have power, upon the application of his successor or the remaining executor or administrator, to ascertain the amount of money, the quantity and kind of real and personal property, and all the rights, credits, deeds, evidence of debt, and papers of every kind, of the testator or intestate, in the hands of such executor or administrator at the time of his resignation, or removal from office, or revocation of letters, and to order and adjudge the rendition of the same to the successor of such executor or administrator, and to enforce such order and judgment against such executor or administrator and his securities, in the following manner: First, for the amount of money specified in the judgment, by execution in the ordinary form; second, for all other estate, effects, and papers described in the judgment or order, by attachment

against the person or property of such executor or administrator." Wag. Stats. 81, sect. 67.

"If any person appoint his debtor executor of his will, such appointment shall not discharge the debt, but it shall be assets in his hands." Wag. Stats. 87, sect. 32.

The foregoing statement of facts, and the foregoing statutes, when taken together, present very clearly the questions which arise on this record.

1. Was the judgment of the probate court rendered against Walker, on July 22, 1874, for the sum of $38,941.17, and afterwards, on March 1, 1875, by an amendatory order of the probate court, reduced to $26,498.51, and for the return of certain scrip and stock, a void judgment? The abstract which was admitted in evidence in lieu of the extended record of the probate court, the parties waiving any objection to it on account of its being an abstract, recites that this judgment was partly for a balance of debt due by Walker to his testator. By the terms of the statute above quoted (Wag. Stats. 87, sect. 32), no debt which Walker owed his testator was discharged by the act of his testator in appointing him executor of his will, but such debts became assets of the estate in Walker's hands, to be administered by Walker like any other assets. The design of this statute is quite obvious. It intended simply to repeal a well-known rule of common law, under the operation of which a testator, by appointing a particular person his executor, forgave any debts, which, at the time of his death, might be due or owing to him from the latter. Undoubtedly, such a debt, in all cases where it is admitted by the executor, or where it has been, in a proper judicial proceeding against him, ascertained to be a debt due by him to the estate of his testator, becomes assets in his hands, for which he must account under the judgment and orders of the probate court, precisely as he must account for other assets of a like character. *McCarty* v. *Frazer*, 62 Mo. 263. But where the executor does not admit his indebted-

ness to the estate of his testator, whether he is so indebted', can, it seems, be ascertained only by an ordinary suit at law in the circuit court, such as is brought for the collection of any other debt. We know of no statute which clothes the probate court with jurisdiction to entertain a suit against a person for the collection of an ordinary debt due to a decedent's estate, from the mere circumstance that the person proceeded against has been an executor of the estate to which it is claimed that he is indebted. The circuit courts, although they exercise fully the powers of courts of equity, have ordinarily no jurisdiction without a jury to render judgments upon mere money demands, except in actions at law where juries are waived in conformity with the statute. *Kent* v. *Curtis*, 4 Mo. App. 121; *Dodd* v. *Levy*, 10 Mo. App. 121. It certainly cannot be presumed, in the absence of any clear enactment to that effect, that the legislature intended to clothe the probate court — a court which proceeds without formal pleadings and in a summary manner, whose proceedings are not reviewable in any other court as upon writ of error, — with such a jurisdiction.

It is urged, however, that the want of jurisdiction of the probate court does not appear affirmatively, and hence that its judgment cannot be overthrown for want of jurisdiction in this collateral proceeding. If this question were presented by the record before us, it would have to be seriously considered. But from the abstract of the record of the probate court which is before us, the want of jurisdiction of the probate court affirmatively appears; for it is there recited that a part of the judgment was for the balance of a debt due by Walker to his testator. As the law did not clothe the probate court with jurisdiction to render such a judgment, and as the judgment was an entire thing, it was void, and hence the sale of the property in controversy which took place under it, passed no title to the defendant Williams as trustee for Mrs. Walker.

2. If we are wrong in this, — if the judgment of the pro-

'bate court was not void for want of jurisdiction, — there is another consideration which is equally fatal to the defendant's title. The judgment of the probate court against Walker was founded upon and supported by the previous order of the probate court removing Walker from his office of executor. Before any proceedings were had to enforce this judgment, before Mr. Priest, as administrator, had assigned it to Mr. Williams as trustee for Mrs. Walker, while it remained in the probate court, affecting immediately the rights of no one except the original parties to it, this court reversed the judgment of the circuit court and of the probate court, removing Walker from his office of executor, and directed that he be reinstated therein, and he was so reinstated by the probate court. Now, there is no doubt of the correctness of the principle, that all lawful acts done by Mr. Priest, as administrator *de bonis non* with the will annexed, after his appointment as such and prior to his displacement by the reinstatement of Walker, were, in their operations upon the rights of third parties, perfectly valid and binding acts. *The State* v. *Douglass*, 50 Mo. 593. But it is a well-settled principle, that, as between the parties to a judgment, the reversal of a judgment upon appeal or writ of error operates to restore the successful appellant or plaintiff in error to whatever he has lost by the judgment. Freem. on Judg., sect. 482. If the appeal or writ of error had not been accompanied by a *supersedeas*, and if, pending the appeal or writ of error, the judgment had been executed, and under it, strangers to the record had acquired rights, a reversal of the judgment would not displace the rights of these strangers. *Jones* v. *Hart*, 60 Mo. 362; *Vogler* v. *Montgomery*, 54 Mo. 577; *Castleman* v. *Relfe*, 50 Mo. 583. Thus, if a stranger purchases land at an execution sale under such a judgment, he will get a good title, which will not be defeated by a subsequent reversal of the judgment, but it will remain for the plaintiff in the judgment to make restitution

to the defendant for the loss which the latter has sustained. These we understand to be well-settled and well-understood rules. Applying them to the present case, we are of opinion that the order of the probate court entered on April 17, 1876, in pursuance of a mandate of this court reinstating Walker as executor, operated to vacate and cancel the prior judgment which Priest, as administrator *de bonis non*, had recovered against him in the probate court, even if this judgment were otherwise a valid and subsisting judgment.

The rulings of the circuit court which are here complained of were in accordance with these views, and its judgment is therefore affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.