WILLIAMS, *Superintendent of the Insurance Department*, v. THE COMMERCIAL INSURANCE COMPANY *et al.*, *Plaintiffs in Error.*

1. **Insurance Companies can not make Assignments.** An insurance company can not, even with the consent of the stockholders, make a valid voluntary assignment of its property, and thus withdraw itself and its property from the control of the Insurance Department of the State, after it has violated the laws made for the regulation of insurance companies. Such an assignment would be in fraud of those laws. Before suit is brought by the Superintendent of the Insurance Department, under the statute, an insurance company whose capital stock is impaired may make itself sound; but while it attempts to do business upon an unsound basis, it is acting in fraud of the law; and while it fails to repair the deficiency, the interests of the policy-holders and the public are, by the law, intrusted to the court of equity under provisions created for the case, and the jurisdiction of the court cannot be ousted at the will of the offender. The State is a party to the proceeding, and a full

exposure of frauds, if any exist, is essential to the purposes of State in enacting the law.

:2. ——. The legal results of fraud upon the law cannot be indirectly avoided. Though the law relates only to "insurance companies doing business in this State," a company, having violated and acted in fraud of the law while doing business in this State, cannot avoid its penalties by making an assignment, or by ceasing to take new risks, or by any other subterfuge resorted to for the purpose of evading the provisions of the statute for exposure and punishment.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

A. J. P. *Garesche* and F. J. *Bowman* for plaintiffs in error.

R. E. *Rombauer* and Wm. S. *Relfe* for defendant in error.

HOUGH, J.—We have carefully examined the record and briefs of counsel in this cause, and being entirely satisfied with the conclusion reached by the court of appeals, as well as with the reasoning by which that conclusion was arrived at, we are all of opinion that its judgment should be affirmed.