GEORGE W. McCOY, Appellant, v. CONNECTICUT FIRE INSURANCE COMPANY, Respondent.

### St. Louis Court of Appeals, January 29, 1901.

1. **Insurance: ASSIGNMENT.** An insurance company, organized under the laws of this State, can not make a general assignment, and an attempt on the part of an insurance company so to do is void *ab initio*.

2. ———: ———: **CREDITOR'S BILL: PLEADING.** Plaintiff can not maintain a creditor's bill, where the only step he had taken to collect his demand against an insolvent insurance company before the institution of his suit was to have his claim allowed by the assignee of the insurance company (which assignment was void), leaving him a creditor whose claim had not been reduced to judgment.

3. ———: ———. Nor does the plaintiff in the case at bar bring himself within the rule that such relief is sometimes granted by a court of equity out of the property of an insolvent or defunct corporation without requiring the demand to be first put in judgment, because he does not sue for himself and other creditors to have the assets of the alleged insolvent insurance company taken charge of and distributed among its creditors pro rata according to their demands, and further because he does not show any lien or trust in his favor.

4. ———: ———: **POLICY-HOLDER: ASSETS: TOWN MUTUAL FIRE INSURANCE COMPANY: DEMANDS AGAINST MUST BE REDUCED TO JUDGMENT: STATUTORY CONSTRUCTION: CREDITORS.** The statute regulating town mutual fire insurance companies requires the claims of policy-holders to be reduced to judgment, when not voluntarily paid before proceeding to realize out of the company's assets, and if the company is insolvent, its assets would have to be divided among its creditors, according to their respective rights.

Appeal from Lincoln Circuit Court.—*Hon. Eliott M. Hughes,* Judge.

AFFIRMED.

*Martin & Woolfolk* for appellant.

(1) The plaintiff's petition sets out a good cause of action for equitable relief. The plaintiff as a creditor of the St. Joseph Town Mutual Fire Insurance Company (an insolvent corporation), whose debt has been duly allowed, has the standing of a judgment creditor whose debt could not be collected by ordinary process of law. Humphreys v. Milling Co., 98 Mo. 542; Lyon v. Murry, 95 Mo. 23; Merry v. Fremon, 44 Mo. 518. (2) Statutes in derogation of common law rights are construed so as to give them no greater extent than is plainly expressed. State v. Clinton, 67 Mo. 380; Mississippi Bridge Co. v. Ring, 58 Mo. 491. (3) The premium notes taken by the St. Joseph Town Mutual Fire Insurance Company constitute its assets, for the payment of losses, such as plaintiff's claim. R. S. 1899, sec. 7959 and 7960; State ex rel. v. Ins. Co., 91 Mo. 311; Price v. Ins. Co., 3 Mo. App. 262; Home Ins. Co. v. Shultz, 30 Mo. App. 91; Stillwell v. Craig, 58 Mo. 31.

*Norton, Avery & Young* for respondent.

(1) The assignee, who, by the provisions of section 365, is made trustee, has identically this same power to institute suits and maintain actions to set aside conveyances made by his assignor, and he has the exclusive right, for the reason that the statute makes him, by its provisions, the trustee of an express trust, with the same power, the same right, and the same authority that the trustee in a deed of trust has, and this right is an exclusive right. The trustee of an express trust is, in contemplation of law, the owner of the fund—the real party in interest—expressly authorized by the statute to sue for its recovery. Hitch v. Stonebraker, 125 Mo. 138.

(2) Section 365 (a new section added to the assignment law in 1897) has no force and is meaningless, unless it was designed to prevent just such an action as the plaintiff has instituted here which would if he succeeds, give him perhaps more than his pro rata share of the property, properly belonging to the assigned estate. (3) By act of the General Assembly of the State of Missouri, approved March 15, 1897, it is provided that: "Every assignee under the general assignment law of this State is hereby declared to be a trustee for the benefit of the creditors of his assignor. Any such assignee shall have the power and authority to prosecute such actions for property, and make such defense to claims against the assigned property as a trustee in a deed of trust, or an attachment, or execution creditor with a writ levied on such property, could prosecute or make." This Act of 1897 is incorporated in the revision of 1899, and is now section 365, page 201 of the Revised Statutes of 1899.

GOODE, J.—The appeal was taken from final judgment on demurrer. The petition on which the plaintiff elected to stand is in the nature of a creditor's bill. It states the corporate character of the defendant and of the St. Joseph Town Mutual Fire Insurance Company, the former having been organized under the laws of Connecticut and the latter of Missouri; that plaintiff became a policy-holder in the St. Joseph Town Mutual Fire Insurance Company on the twenty-fifth day of April, 1896, and said company, in consideration of a cash payment and a note executed and delivered to it, issued to him a contract or policy of insurance, against loss by fire on his dwelling, household goods and barn, for seven hundred dollars, on which a loss occurred while the policy was in force, to-wit, on the twenty-second day of November, 1898, at which time said mutual company held collectible premium notes

amounting to twenty thousand dollars or more, and subsequent to the loss collected at least ten thousand dollars, all of which were available assets to pay losses. That in 1899 the said mutual company, while indebted to plaintiff for said loss, in violation of its duty and of the insurance laws of the State of Missouri, executed an assignment of all its cash, and uncollected premium notes to the respondent, the Connecticut Fire Insurance Company, said assignment leaving it without available assets to pay losses and insolvent. That after the transfer of its assets to the respondent, being unable to meet any of its liabilities, said St. Joseph Town Mutual Fire Insurance Company, in the same year, made a general assignment for the benefit of its creditors to Samuel S. Beal, who qualified and proceeded to hear claims against said mutual company and allowed and adjudged against it in favor of the appellant, on account of the loss by fire aforesaid, the sum of three hundred and twenty-eight dollars and eighty cents. It is further alleged that the assignee has no property nor means in his hands or under his control to pay said allowance on account of the previous assignment to the respondent, which is charged to have been made without consideration, the Connecticut Fire Insurance Company being neither a creditor nor policyholder of the St. Joseph Company nor having any claim to its assets which it knew were a trust fund for the payment of the claims of plaintiff and others.

The prayer is that the assets of the St. Joseph Town Mutual Fire Insurance Company, in the hands of the Connecticut Fire Insurance Company, be subjected to the payment of plaintiff's demand and for other proper relief.

The demurrer was on the ground that the petition showed the right of action, if any existed, was in the assignee of the St. Joseph company, Samuel S. Beal, and that no cause of action was stated. Neither said assignee nor the company which assigned to him were made parties.

It seems to be taken for granted by both the appellant and the respondent that the general assignment made to Beal by the St. Joseph Town Mutual Company was valid: in other words, that an insurance company of that kind, organized under the laws of this State, may execute a general assignment for the benefit of its creditors, a proposition we are unwilling to concede. The provisions of the Revised Statutes of 1899, for the winding up of these companies by proceedings instituted by the superintendent of insurance, bring them within the rule declared in Relfe v. Commercial Insurance Co., 5 Mo. App. 173, and Williams v. Commercial Insurance Co., 75 Mo. 388. Those cases decide that an insurance company organized under the laws of this State can not make a general assignment and that an attempt on their part to do so is void *ab initio*. Such corporations are under the direct supervision of an officer of the State appointed for that very purpose. The conditions on which they may do business, the manner in which they are to be conducted, and an effective method of winding them up and distributing their assets, are all provided for by appropriate statutes framed to protect the interests of the public. R. S. 1899, sec. 8099 et seq. These regulations are incompatible with a right on the part of the company to transfer their assets to a general assignee. But the appellant's contention is not helped by reason of the assignment being invalid. The only step he had taken to collect his demand before instituting the present action was to have it allowed by the assignee, which allowance falls with the assignment, leaving him a creditor whose claim has not been reduced to judgment, and who, therefore, can not maintain a creditor's bill. Crim v. Walker, 79 Mo. 335; Reyburn v. Mitchell, 106 Mo. 365; Park v. First National Bank, 57 Mo. App. 277.

The plaintiff does not sue in behalf of himself and other claimants to have the assets of the alleged insolvent St. Joseph

Town Mutual Company taken charge of and distributed among its creditors pro rata according to their demands, nor is any lien or trust in his favor shown so as to bring himself within the rule that such relief is sometimes granted by a court of equity out of the property of an insolvent or defunct corporation without requiring the demand to be first put in judgment. White v. University Land Co., 49 Mo. App. 450; Atlas Nat'l Bank v. Moran Packing Co., 138 Mo. 59. He sues for himself alone to have the assets subjected to the payment of his own demand and that a purely legal and, in the event of the failure of the assignment, an unliquidated one. The statute regulating insurance companies of the town mutual class evidently requires claims of policy-holders to be reduced to judgment, when not voluntarily paid, before proceeding to realize out of the company's assets, and if the company is insolvent as the St. Joseph town mutual is alleged to be, its assets would have to be divided among its creditors, according to their respective rights. The demurrer to the petition was properly sustained and the judgment is affirmed. All concur.