BEALE v. CONNECTICUT FIRE INS. CO. OF HARTFORD, CONN.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1903.)

No. 1,588.

1. INSURANCE COMPANIES — SUIT BY ASSIGNEE — INVALIDITY OF ASSIGNMENT UNDER MISSOURI STATUTE.

Under the statutes of Missouri (Rev. St. 1899, § 8099 et seq.), which place mutual insurance companies organized under Act March 21, 1895, under the supervision of the State Superintendent of Insurance, who is expressly authorized to institute proceedings for their dissolution, and the decisions of the courts of the state that companies so placed cannot make a valid general assignment of their property in case of insolvency, an assignee of such a company has no title which will support a suit in a federal court to recover assets claimed to have been wrongfully diverted by its officers.

In Error to the Circuit Court of the United States for the Western District of Missouri.

B. J. Woodson (J. B. Shackelford, W. B. Norris, W. P. Hall, R. E. Culver, and Ben Phillip, on the brief), for plaintiff in error.

Vinton Pike, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This case passed off below on demurrer to a bill of complaint, which was sustained, and the bill was thereupon dismissed. The action was commenced by Samuel W. Beale, as assignee of the St. Joseph Town Mutual Fire Insurance Company, plaintiff in error, hereafter called the "St. Joseph Company," against the Connecticut Fire Insurance Company of Hartford, Conn., defendant in error, hereafter termed the "Hartford Company." The complaint charged, in substance, that the St. Joseph Company was incorporated under an act of the General Assembly of the state of Missouri approved March 21, 1895 (Laws Mo. 1895, p. 200), which provided for the organization of such companies upon the mutual assessment plan; that on January 26, 1899, the company levied an assessment upon all of the premium notes then held by it for the full amount remaining unpaid thereon, and realized the sum of $23,-000, and on the payment of the assessment canceled and surrendered to the makers thereof the premium notes upon which the assessment

had been made; that no part of the sum so realized was applied to the liquidation of losses which had at that time been sustained by the company under policies theretofore issued, the amount of which losses, as it was alleged, amounted at the time to $21,500; that on the same day, to wit, January 26, 1899, in violation of their duty, the directors of said St. Joseph Company, in violation of its charter and by-laws, entered into an agreement with the Hartford Company to the effect that the latter company should assume the obligations of the St. Joseph Company upon its unexpired policies under which no losses had been sustained, the holders whereof should pay the assessment on that day levied; that in consideration of such obligation the Hartford Company should be paid out of the moneys realized from the assessment a sum equal to 60 per cent. of the premium then unearned upon all of said policies of insurance so assumed by it; and that in pursuance of such agreement the Hartford Company pretended to assume the obligations of the St. Joseph Company upon its said contracts of insurance, and its board of directors paid and turned over to said Hartford Company $23,000 in cash of the assets of said St. Joseph Company, being the amount realized from the assessment of its said premium notes, which, when paid by the makers, the board of directors had caused to be canceled and returned.

It was further alleged that this transaction left the St. Joseph Company without any assets to pay its existing losses and liabilities, and unable to continue the business for which it was incorporated so that immediately after said sum of $23,000 was so paid and received by the Hartford Company the St. Joseph Company was compelled to make a deed of general assignment of all of its effects to Samuel W. Beale, as assignee, which assignment was executed on or about June 3, 1899. It was further alleged that the premium notes upon which the assessment aforesaid was levied constituted a trust fund for the payment of the debts and liabilities of the St. Joseph Company; that it was the only fund held by it out of which its debts and liabilities could be paid, as they accrued, by assessments made thereon by the board of directors; that of the entire amount of premium notes so held by the St. Joseph Company at the time of the assessment aforesaid only $23,000 thereof was collectible, the remainder being uncollectible; and that on January 23, 1899, the St. Joseph Company, by a resolution of its board of directors on that day passed, had determined to discontinue the business of insurance, and from that time forward did discontinue its business, and was only engaged in collecting assessments on its premium notes and in winding up its affairs.

· In view of the premises, the plaintiff below prayed for a judgment against the Hartford Company in the sum of $23,000.

It is undeniable that the bill of complaint shows by proper averments that the premium notes held by the St. Joseph Company constituted a trust fund, in that by the terms of these notes and by the by-laws of the company they were only payable or assessable as and when the board of directors of the company deemed it necessary to assess them to meet such losses as the company had sustained,

and such necessary expenses, in transacting its business, as might be incurred. The fund evidenced by these premium notes being one which could be resorted to by the board of directors only to meet losses and expenses when they accrued, the notes and the money realized therefrom by assessments constituted a trust fund; and, if this fund was diverted to other and improper uses, it may doubtless be recovered by any one who can show a title to it from any one else who may have appropriated it with knowledge of the diversion. It is insisted in behalf of the defendant in error that Beale, claiming merely under the assignment from the St. Joseph Company, and having no other right, shows no title to the fund, for the reason that the St. Joseph Company had no power, under the laws of the state of Missouri, to make a general assignment. If this position, which is the first that deserves attention, is well taken, all other questions in the case become immaterial.

The rule has been long established in the state of Missouri by local decisions, which are binding upon this court, that insurance companies which have been placed by local laws under the surveillance of the Superintendent of Insurance cannot make a valid assignment in case of their insolvency; and that such assignments, if attempted, are void, the policy of the law as respects such companies being to have them wound up, and their affairs liquidated through the agency of an organized insurance department, which has been vested with authority to institute the necessary proceedings for that purpose. Relfe v. Commercial Insurance Co., 5 Mo. App. 173; Williams v. Commercial Insurance Co., 75 Mo. 388. Following these decisions, the St. Louis Court of Appeals has recently held in McCoy v. Fire Insurance Co., 87 Mo. App. 73, 77, that the very assignment involved in this case was invalid, and conveyed no title to the assignee. With reference thereto the court said:

"The provisions of the Revised Statutes of 1899 for winding up these companies by proceedings instituted by the Superintendent of Insurance bring them within the rule declared in Relfe v. Commercial Insurance Company, 5 Mo. App. 173, and Williams v. Commercial Insurance Company, 75 Mo. 388. Those cases decided that an insurance company organized under the laws of this state cannot make a general assignment, and that an attempt on their part to do so is void ab initio. Such corporations are under the direct supervision of an officer of the state, appointed for that very purpose. The conditions on which they may do business, the manner in which they are to be conducted, and an effective method of winding them up and distributing their assets, are all provided for by appropriate statutes framed to protect the interests of the public. Rev. St. 1899, § 8099 et seq. These regulations are incompatible with the right on the part of the company to transfer their assets to a general assignee."

Counsel for the plaintiff in error relies, however, upon another decision of the St. Louis Court of Appeals of an earlier date (Woerheide v. Johnston, 81 Mo. App. 193), wherein it was held that building and loan associations are competent, like other business corporations, to make a general assignment. The argument is, in brief, that, as building and loan associations are organized under a statute somewhat similar to that under which town mutual fire insurance companies are organized, the rules of law applicable to the liquidation of the affairs of companies of the latter class should be the same

as those applicable to the former class, and that they should be conceded the power to make a general assignment. The obvious answer to this suggestion is that the courts of the state, since the decision in Woerheide. v. Johnston, have taken a contrary view, holding, as above shown in the case of McCoy v. Fire Insurance Company, 87 Mo. App. 73, that the power to make an assignment does not pertain to insurance companies. Moreover, it is noticeable that since the decision in Woerheide v. Johnston the Legislature of the state has taken the matter in hand, and by an act approved March 26, 1901 (Laws Mo. 1901, p. 95), has deprived building and loan associations of the power to make a general assignment when their affairs become involved, placing proceedings for liquidation in the hands of an officer termed a supervisor. It is further noticeable that by an act approved on May 6, 1899 (Laws Mo. 1899, p. 254), which was enacted before the assignment in favor of Beale was executed, the act of March 21, 1895, under which the St. Joseph Company was originally organized, was amended in material respects, and its affairs, as well as the affairs of all other companies of its class, were placed under the supervision of the superintendent of insurance, who is expressly authorized to inaugurate proceedings for the liquidation of their affairs.

In view of all these considerations, we conclude that at the time the assignment to Beale was executed the St. Joseph Company had no power to execute the assignment; that it conveyed no title to the fund in controversy; and that the judgment below, sustaining a demurrer to the bill, was right for that reason. It is accordingly affirmed.