OBER, ET AL, VS. HOWARD, ET AL.

A father having for a fraudulent purpose conveyed land to trustees for the benefit of two of his children, after his death, his heirs can not in equity set aside such conveyance on the ground of fraud.

## APPEAL from St. Louis Circuit Court, in Chancery.

MOREHEAD, *for Apellants.*

1st. The deed of trust to Adams & Co., is void in fact *ab initio.* First, Because made in fraud of creditors. Second, Because the possession did not pass with the conveyance, but vendor retains possession during life, unopposed by vendees, claiming as his own, paying taxes, and expending large sums in building upon the lot, after the date of the deed of trust. 1 Desaussere, 557.

2nd. The children representatives, as well as creditors, can impeach the deed. 7 Gill & John. 132; 1 H. & M. 70; 1 Wash. 164.

3rd. There is equity in the bill, independent of the deed of trust, and complainant's entitled to alternate decree. First, To settle the whole estate, to pay the debts out of the whole estate, and to include in the settlement the amount expended upon the trust lot. Second, To set aside judgment in partition, allot dower, and limit the trust deed to lot conveyed by John P. Hortiz.

4th. The validity of the trust deed invalidates the will, because he believed when he made the will that the property was his.

5th. The answer and cross bill of the widow was improperly disregarded.

6th. The bill is not multifarious. 9 Mo. Rep. 293; 20 Pick. 368; 5 Paige, 137; Halstead's Digest, 168.

FREMON & REBER, *for Appellees.*

1st. That the conveyance to Adams, in trust for Marie and Emily, children of Joseph Navalles, was valid against the grantor and his heirs or devisees, even admitting it to be void as to his creditors. Story's Eq. vol. 1, p. 364-5, and cases cited; 4 Mo. Rep. 25.

Cases cited by appellants are not cases where the grantors in the fraudulent conveyances were the authors of the fraud, but they are cases which show that the grantors were the victims of the cheat, and in such cases it is admitted that the conveyance may be set aside, either by the party or his heirs. The case of Stewart vs. Iglehart, 7 Gill & J. 137, cited by appellants, shows that Marie Stewart was the victim, and not the inventor or participator in the fraud intended, and therefore her heirs were properly enough allowed to disregard her deed.

2nd. As to Adams, there is clearly a misjoinder of parties, for an examination of the deed to him will show, that the title to the lot conveyed, did not rest in him a moment, but immediately passed to and vested in Marie and Emily, the children of the grantor.

3rd. The bill is multifarious in joining distinct matters in the suit, in which some of the parties have no interest. The rule on this subject is one of convenience, and no inflexible rule governs the courts, each case being determined, to some extent, on its own merits.

SCOTT, J., *delivered the opinion of the Court.*

This is a suit in chancery by a bill, which states in substance, that in 1841, J. Navalles, the father of Louisa Ober, the wife of M. Ober, (who is a plaintiff,) and also of E. Navalles, a minor, who by her next friend is the other plaintiff, died in 1841, leaving two other daughters, Marie and Emily, who were respectively married to Louis Howard and Louis Gouise, who with the wife of the said J. Navalles, with others, are made defendants to the bill. That the father, J. Navalles, before his death, and before the birth of the plaintiffs, was sued in an action of trespass on the case, and being fearful of a recovery of heavy damages against him, was induced to convey to a trustee for the use and benefit of his two daughters, the said Marie and Emily, who were then in existence, a certain lot of ground in St. Louis. That Navalles died possessed of other property, on which the two daughters last mentioned, with their husbands, had entered, and received the rents and profits, which amounted to a considerable sum. That the deed of trust was made for a fraudulent purpose. That the suit, whose pendency had induced Navalles to execute the deed of trust, resulted favorably to him. That from that time until his death he continued in the possession of the estate conveyed in trust, claimed it as his own, and made valuable improvements on it. That his two daughters, the *cestui que trusts*, though of competent age, never interposed any claim to the trust property. That Navalles, conceiving the property to be his own, devised the same, and all his estate, real and personal, (except a lot and slave,) after the death of his wife, to all his children, to be equally divided among them. The lot and slave were devised to his daughter, Marie, one of the *cestui que trusts*. That the deed of trust was wholly fraudulent and void—that it was executed with a knowledge on the part of the trustee and *cestui que trusts* of its fraudulent design. That Navalles made his will under the impression that the trust property was his own. That since the death of Navalles, a partition has been made by a judgment of the Circuit Court, between the two eldest daughters and their mother. That the said complainants, the younger daughters, were not made parties to the proceedings, in consequence of which they were irregular and void. That Navalles believing the trust property to be his own, made his will under a mistake, and the lots conveyed in trust to the two eldest daughters, should be considered as an advancement to them. The bill prays that the deed of trust and judgment in partition may be set aside. That

the *cestui que trusts* be made to account for the rents of the trust property, and that such decree may be made respecting the money expended in improving the trust property, as may be equitable; and that if the deed of trust cannot be set aside, that the property thereby conveyed may be considered as an advancement to the eldest daughters.

The widow of Navalles, who was made a defendant, answered the bill, and filed a cross bill against some of the co-defendants, and made parties thereto of those who were not parties to the original bill and introducing matters foreign to those of the original bill. The other parties demurred to the bill, which demurrer was sustained, and the bill dismissed.

The bill itself admits, that the conveyance was made with a fraudulent design, and it is impossible to see on what grounds the attempt to set it aside can be sustained, even admitting the *cestui que trusts* were *participes fraudis*. The rule *potior est conditio defendentis*, applies. No man is entitled to the aid of a court of equity, when that aid becomes necessary by his own fault. The complainants coming in as heirs of their parents, being mere volunteers, cannot claim any greater advantage than their ancestor.

If the complainants were not made parties to the proceeding in partition, any interest they may have in the land is not thereby affected. As to them the procedure is a nullity, and no bill in equity is necessary to set aside.

This court cannot undertake to correct the will of a testator. Whether a case of election may not arise out of the transaction we will not now determine, as it is not presented by the bill. Nor is the matter of the bill so stated as to give rise to the question whether the lot to the eldest daughters can be regarded as an advancement. It is well settled that the relief granted in equity, must be according to the case made by the bill and not to the prayer; the prayer is disregarded, unless the facts stated warrant it.

As to the cross bill filed by the wife of Navalles, she had a right to do so against the complainants and her co-defendants. But a cross bill cannot introduce new and distinct matters not embraced in the original suit. As to such matters it would be an original bill. Story's Equity Pleading, sec. 392–401.

The other Judges concurring, the decree will be affirmed.