JAMES W. ALNUTT, Plaintiff in Error, *v.* JAMES LEPER *et al.*, Defendants in Error.

| 48 | 319 |
| --- | --- |
| 31a | 424 |
| 48 | 319 |
| 42a | 82 |
| 48 | 319 |
| 103 | 323 |
| 48 | 319 |
| 65a | 437 |
| 48 | 319 |
| 143 | 79 |
| 143 | 278 |
| 48 | 319 |
| 179 | 694 |

1. *Practice, civil — Demurrer — Objections not specified in, will not be noticed on hearing of.*—In passing upon a demurrer, the court will not take notice of defects not therein specified, especially when the pleading can probably be amended so as to make a case or avoid the defect.
2. *Equity — Judgment lien not essential to plaintiff's equity.*—Plaintiff in a judgment at law may procure the aid of a court of equity in order to charge the property of defendant, without first securing a judgment lien against it. Although such lien is usually an incident, it is not essential to his equity. (Glenny v. Freeman, 44 Mo. 518, affirmed.)

3. *Practice, civil — Pleadings — Demurrer — Improper joinder of parties, who may demur.*—Where there is a joinder of improper parties as defendants, the defendant or defendants improperly joined can alone demur. If other parties join in the demurrer, it should be overruled as to them.

4. *Equity can be resorted to only after legal remedies have been exhausted.*— Ordinary legal remedies must be shown to have been exhausted to entitle one to his remedy in equity.

### Error to Grundy Circuit Court.

*Samuel* and *Broaddus*, for plaintiff in error.

I. The petition is sufficient. The facts and allegations necessary to constitute a cause of action are sufficiently alleged.

II. When a fraudulent conveyance is made, as in the present case by Craig, the creditors or any one of them may file a bill in equity to have the same set aside. (George v. Williamson, 26 Mo. 190; Brown's Adm'r v. Quinley, 18 Mo. 375.)

III. Norman J. Bliss, as administrator of the estate of Andrew Craig, deceased, is a necessary party to the suit. (1 Am. Lead. Cas. 74, and authorities cited.)

IV. Plaintiff is not attempting to enforce the lien of a judgment, but is merely attempting to subject the property to the payment of his debt. The death of Craig after the expiration of plaintiff's judgment lien does not preclude him from asserting his equitable right as a creditor to set aside the conveyances made and accepted for the purpose of defrauding Craig's creditors, and from proceeding against the fraudulent grantee, Leper, and to subject the property found in his possession to the payment of the debts of said Craig. The death of Craig did not make the fraudulent conveyances valid as against his creditors.

*McFerran & Collier*, for defendants in error.

I. Norman J. Bliss, as administrator of Andrew Craig, has no interest in the controversy, and is not a necessary party to a complete determination of the action.

II. The petition does not state facts sufficient to constitute a cause of action, in this : the petition does not show or allege any title, claim or lien in the plaintiff to the land to be affected by the decree sought, nor any right whatever to the land or any

part thereof, or to set aside the conveyances of the same. (Hiney v. Thomas, 36 Mo. 377; Martin v. Michael, 23 Mo. 50; Brinkerhoof v. Brown, 4 Johns. Ch. 671; Melville v. Brown. 1 Har. Johns. 367.)

III. The petition does not even show that execution was ever issued. (2 Sto. Eq. Jur. 438 and note.)

BLISS, Judge, delivered the opinion of the court.

The petition charges that the plaintiff, in 1860, recovered a judgment against James Craig, deceased, for some $20,000; that without consideration, and to defraud plaintiff, the said Craig in his lifetime conveyed his real estate to certain of the defendants; that in 1867 he died, and one of the defendants, Norman J. Bliss, is his administrator; and prays that the property may be sold and the proceeds applied to the payment of the plaintiff's said judgment. The defendants jointly demur to the petition and specify the grounds of demurrer, to-wit: 1st, because the petition does not allege facts showing a lien or title in the plaintiff to the real estate covered by the conveyance; 2d, Craig having died before execution and after the expiration of the judgment lien, the plaintiff has no equity; 3d, the administrator of Craig is not a proper party. The demurrer was sustained by the Circuit Court, and judgment was entered upon it. I have given the grounds of the demurrer because, although the petition seems to be defective, it is not so, for the reasons named, and the court committed error in sustaining the demurrer. The statute is imperative that "the demurrer shall distinctly specify the grounds of objection to the pleadings" (Wagn. Stat. 1015; Gen. Stat. 1865, ch. 165, § 7), and, when they are so specified, the court will not take notice of other defects, especially when the pleading can probably be amended so as to make a case or avoid the defect. (Cheely's Adm'r v. Wells, 33 Mo. 106; Loomis v. Tifft, 16 Barb. 541.) The first and second grounds of objection are substantially the same, and the pleader seems to suppose that there must be a specific judgment lien in order to sustain a creditor's bill. Judges have sometimes so remarked, but the subject was considered by us in Glenny v. Freeman, 44 Mo. 518, and it was held that

though such lien is usually an incident, it is not essential to the plaintiff's equity. Upon the third ground of objection it is only necessary to say that if a person is improperly brought into court, and is not a necessary party to the proceedings, he alone can object to it. The other parties have no interest in the question, and if they join in the demurrer it should be overruled as to them. (Ashby v. Winston, 26 Mo. 210; State Bank v. Paris, 35 Mo. 371; Ancell v. Cape Girardeau, *ante*, p. 80.) It does not appear from the petition that the plaintiff has exhausted his remedies at law. It is not shown that he has taken any steps to recover his debt of the administrator, or that he has established it against the estate. He must pursue his ordinary legal remedies before he can ask us to set aside the conveyance of the deceased.

The judgment will be reversed and the cause remanded, that the plaintiff, if he desires, may amend his petition. The other judges concur.