CRIM, *Appellant*, v. WALKER.

**Suit to set aside Conveyance for Fraud.** A creditor cannot maintain a bill in equity to set aside a conveyance of his debtor as fraudulent, until his demand has been reduced to judgment: and this means a judgment in this State, not a judgment of a sister state.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

Shields & Sennet for appellant.

Hardiny & Buller for respondents.

EWING, C.—This was a suit commenced against Madison G. Walker, in his lifetime, and after his death revived in the name of his administrator and heirs. The first count of the petition was based upon a judgment against M. G. Walker in the circuit court of Madison county, Indiana. The second count was in the nature of a bill in equity to set aside sundry conveyances made by Walker, as fraudulent. The first count seeks to obtain a judgment in Missouri upon a judgment of a sister state; the second to set aside certain conveyances and subject the property conveyed to the payment of the judgment which is asked in the first count.

A suit upon a judgment of a sister state stands upon a like basis as a suit upon a note or an account. The claimant is nothing more nor less than a general creditor. *Claflin v. McDermott*, 12 Fed. Rep. 375; *Wintringham v. Wintringham*, 20 Johns. 296.

A bill in equity will not lie at the suit of a general creditor, to set aside a conveyance charged to be fraudulent.

This is an effort on the part of a general creditor, after

an action commenced at law, and before judgment, to control the disposition of the property of his debtor, upon the charge of fraudulent conveyance. This cannot be done. The creditor must first establish his claim at law; his claim is not certain, and he, therefore, cannot be heard to charge fraud on his debtor until it is first ascertained that he is a creditor. *Martin v. Michael*, 23 Mo. 50; *Wiggins v. Armstrong*, 2 Johns. Ch. 144; *Tarbell v. Griggs*, 3 Paige 207; *Melville v. Brown*, 1 Harr. (N. J.) 363; *Merry v. Fremon*, 44 Mo. 518; *Alnutt v. Leeper*, 48 Mo. 319. The petition, therefore, is not sufficient in its present shape, and the court did not err in excluding the evidence.

The judgment is affirmed. All concurring. .