Thias v. Siener.

THIAS, *Appellant*, v. SIENER.

DIVISION ONE.

1.  **Equity**: REMEDY AT LAW. One seeking aid in a court of equity must, as a general rule, first exhaust his remedies at law.

2.  ———: ACTION FOR DEBT. Where the matter in suit involves the trial of an ordinary action for debt, equity is not the proper forum.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*James Carr* and *James A. Carr* for appellant.

(1) The law merchant did not require the appellant as indorsee to present the note or have it presented for payment, protested, etc. Story on Promissory Notes, secs. 268-9. When a contract has been fully performed by one party, a court of equity will decree a specific performance of it by the other party, where it is not out of his power to perform it. *Halsa v. Halsa*, 8 Mo. 303; *Sutton v. Hayden*, 62 Mo. 101; *Anderson v. Shockley*, 92 Mo. 250; *West v. Bundy*, 78 Mo. 407; *Webb v. Toms*, 86 Mo. 591; *Anderson v. Scott*, 94 Mo. 637; *Bigelow v. Ames*, 108 U. S. 10; *Elliot v. Sackett*, 108 U. S. 132; *Preston v. Preston*, 95 U. S. 200; *Gunton v. Carroll*, 101 U. S. 426; *Snell v. Ins. Co.*, 98 U. S. 85. (2) This is not simply a case of a pure, unmixed mistake of law, against which the courts of equity will not relieve. It is a case of false and fraudulent representation, of both law and fact, made by respondent and respondent's son, to a very ignorant old woman who reposed the most implicit confidence in everything the respondent and her son told her. They had an undue influence over her, and talked her into

giving up her money to respondent. In such case a court of equity will grant relief. *Garrison's Adm'r v. Williams*, 44 Mo. 478; *Rankin v. Patton*, 65 Mo. 378; *Bradshaw v. Yates*, 67 Mo. 221; *Caspari v. Church*, 82 Mo. 649; *Summers v. Coleman*, 80 Mo. 488; *Ford v. Hennessy*, 70 Mo. 580; *Gay v. Gillilan*, 92 Mo. 250; *Cadwallader v. West*, 48 Mo. 483; *Griffith v. Townley*, 69 Mo. 13. (3) The appellant was not barred by laches. *Kelley v. Hurt*, 61 Mo. 463; *Bradshaw v. Yates*, 67 Mo. 221; *Kline v. Vogel*, 90 Mo. 239; *Michaud v. Girod*, 4 How. 503; *Brashier v. Gratz*, 6 Wheat. 528; *Sullivan v. Railroad*, 94 U. S. 807.

*Rassieur & Schurmacher* for respondent

The demurrer to the petition was properly sustained: *First.* It improperly blends in one count matters of law and equity. *Peyton v. Rose*, 41 Mo. 257; *Billon v. Larrimore*, 37 Mo. 375; *Henderson v. Dickey*, 50 Mo. 161. *Second.* The principal matter involved, and which constitutes the basis of the plaintiff's alleged cause of action, is an unadjudicated demand. Before equity will lend its aid, and grant equitable relief to enforce payment of a legal demand, the same should be first ascertained and determined by a judgment at law. *Martin v. Michael*, 23 Mo. 50; *Crim v. Walker*, 79 Mo. 335. *Third.* The petition or bill shows, on its face, that plaintiff's cause of action, if any she had, is barred by lapse of time, and lost by laches on her part. *Perry v. Craig*, 3 Mo. 516.

SHERWOOD, P. J.—This proceeding was instituted the twenty-first of January, 1888. The amended petition is as follows:

"The plaintiff would respectfully state to this honorable court that she is, and during all the time of the facts and transactions hereinafter stated has been, a resident of the said city of St. Louis, state of Missouri,

and she is, and at all the time and times hereinafter stated and set out was, a widow, and that the said defendant is, and has been, during all the time of the facts and transactions hereinafter stated and set out, a resident of the said city aforesaid, and during all the time, and prior thereto, of the facts and transactions hereinafter stated and set out, and now is, a widow, and that the relationship existing between the said plaintiff and the said defendant was and is, that the daughter of plaintiff was married to Charles P. Siener, the son of the defendant, and that said relationship between the said plaintiff and said defendant existed from the year A. D. 1870.

The plaintiff would further state to this honorable court that, by reason of the said relationship aforesaid, an intimacy and affection, and mutual trust and confidence, was engendered and created between the families of the said plaintiff and the said defendant, and especially between the said plaintiff and the said defendant, who was an especially earnest and devout christian woman, and attended with usual and singular promptness and regularity the services of the church of which she was a member ; and by reason of the relationship aforesaid, the high christian character of the said defendant, the social relations and associations, the friendship, affection and confidence between the families of the said plaintiff and of the said defendant created the utmost and greatest trust and confidence on the part of plaintiff in the honesty, integrity and trust of said defendant, Josephine Siener, which was well known by the said defendant at the time of the facts and transactions hereinafter stated.

"Therefore, the said plaintiff complains to this honorable court, and, for complaint against the said defendant, Josephine Siener, states that, on or about the first day of September, A. D. 1875, during the relations between plaintiff and defendant as aforesaid, the said defendant was engaged in a real-estate transaction, wherein she was exchanging certain real

estate, owned by her in Jefferson county, state of Missouri, for certain real estate fronting thirty-eight feet on the south line of Palm street and having a depth southwardly of eighty feet in city block 336 of the said city of St. Louis, and that there was a large difference between the values of said properties which the said defendant had to pay in cash to accomplish the exchange of said properties and secure the said real estate in the said city of St. Louis, aforesaid ; that, by reason of the family relations aforesaid, and the confidence that existed between the families of plaintiff and defendant, and between plaintiff and defendant it was well known to and by said defendant and her said son, Charles P. Siener, husband of the daughter of plaintiff, as aforesaid, that, at and during this time, to-wit, September, A. D. 1875, the plaintiff had in her personal possession a large sum of money in cash, to-wit, the sum of $1,900, and that the said defendant desiring to make the exchange of said real estate and secure the said real estate in the city of St. Louis, and, not having the cash money to pay the difference necessary to accomplish said exchange, thereupon the said defendant authorized and empowered her said son, Charles P. Siener, also son-in-law of the plaintiff, to go to the plaintiff and apply to her to loan said defendant the said sum of $1,900, for which the said defendant would execute and deliver to plaintiff her certain promissory note, and that the said defendant being thus enabled to perfect and accomplish said exchange of properties and acquire a clear title to said real estate in the said city of St. Louis, would, thereupon, make, execute and deliver to plaintiff a deed of trust upon said real estate in said city of St. Louis to secure the payment of said sum of $1,900 and the interest thereon, and that, thereupon, the plaintiff agreed to make said loan of $1,900 to said defendant, and that, subsequently, to-wit, on the sixth day of September, A. D. 1875, said loan was consummated and the said plaintiff delivered

and paid over to the said defendant, through her said son, Charles P. Siener, the sum of $1,900 in cash, and received from the said defendant, through and by said Charles P. Siener, a promissory note which was represented to plaintiff as the note of said defendant and the said Charles F. Siener, which said note is filed herewith and made a part thereof; that, thereupon, to-wit, on the fourteenth day of September, A. D. 1875, the said defendant consummated said exchange of aforesaid real estate in the said city of St. Louis, in her own name and for her sole use, benefit and enjoyment, and that she, the said defendant, has owned said real estate in said city of St. Louis, in her own name, from said fourteenth day of September, 1875, to the present time, and now owns the same, and has, during all the time from the date of acquiring the same, received the large income derived from the rentals of the premises situated on said real estate, for her sole benefit and enjoyment and now continues to receive the same.

"The plaintiff would further state to the honorable court that, by nativity, she is a German woman, and is not acquainted or familiar with the English language, and that, at the time of receiving said note and making said loan, and since that date, the said plaintiff could not read the English language, either in print or in writing, which fact was well known to said defendant at the time of securing said loan and making and delivering said note to plaintiff, and that, at the time of the delivery of said note it was represented and stated to her in the German language by the said defendant, that the said note was executed by the said defendant and her said son, Charles P. Siener, and that, by reason of the said relationship between the said plaintiff and the said defendant and the great confidence and trust reposed in defendant by the said plaintiff, which fact the said defendant at the time well knew, she, the said plaintiff, not being able to read said note written in English, believed the statements and representations made by

defendant and her son to be true ; that the plaintiff did not know, nor was she informed by the said defendant or her said son, that said note was executed by said Charles P. Siener to the order of said Josephine Siener and indorsed by said Josephine to the plaintiff ; neither was the said plaintiff informed by the said defendant or her said son, that said note was payable at the Capital Bank as it provided, nor was said plaintiff informed by the said defendant or her said son, that when said note was due it should be presented to the Capital Bank for payment, and, in the event of non-payment of the same, then the said note should be protested ; that plaintiff was entirely ignorant of these facts and also entirely ignorant of the laws that governed the collection of said notes as aforesaid, which was well known by the said defendant and her said son at the time ; that, by reason of the said ignorance of the said plaintiff in regard to the conditions of said note and the facts and laws that governed the same, and the great trust and confidence reposed in the said defendant by the said plaintiff, she, the said plaintiff, paid little or no attention to the said note, and relying and depending upon the honesty, integrity and truth of the said defendant, fully believing that said deed of trust would be duly executed and said note secured thereby as aforesaid ; that plaintiff states to this honorable court that said deed of trust was never executed by defendant and delivered to plaintiff according to the terms agreed upon, and that said plaintiff has never, at any time, received from said defendant or any other person, any security, whatever, for said note, and that when the plaintiff requested the execution and delivery of said deed of trust by and from said defendant that the said defendant stated that the expense of making the papers, recording the same, etc., was so great that she did not like to incur the same, and that, as long as said real estate, in said city of St. Louis, acquired as aforesaid, remained on her, the said defendant's, property, and

was free and clear of incumbrance, she, said defendant, was always good for the amount of said note to plaintiff. Whereupon, by reason of the relations that existed between plaintiff and defendant, the great trust and confidence reposed in defendant by plaintiff, which the defendant well knew, the plaintiff felt perfectly secure and fully believed that the said defendant would pay the amount of said note and the interest thereon when requested to do so by the plaintiff.

"The plaintiff would further state to this honorable court the fact to be that, during the year A. D. 1879, the said Charles P. Siener, son of said defendant and the husband of the daughter of plaintiff as aforesaid, died intestate, and thereupon the estate of said Charles P. Siener passed into the hands of his widowed wife, Minnie E. Siener, as administratrix of the same, and then, in said year A. D. 1879, the plaintiff took said note aforesaid to her attorney at law, who was also the attorney of said administratrix and submitted said note to her said attorney, stating the facts hereinbefore set out to her said attorney, and that the plaintiff did not know until this time that the said note was signed by the son, Charles P. Siener, and was payable to the order of the said defendant and indorsed by the said defendant to the plaintiff, but was so informed by her attorney and that her attorney then stated to plaintiff that there was some mistake in the note, and that said Josephine Siener could not be held liable to pay the note by reason of the failure of the plaintiff to present said note at the Capital Bank and have the same protested for non-payment, relieved the said Josephine Siener from liability on the same as an indorser thereof, and that thereupon the said plaintiff accompanied by the said Minnie E. Siener went to defendant and demanded payment of the said note, and that the said defendant stated that she owed the same to plaintiff, but that there was something wrong with the note and that she would not pay the same until compelled to ; that plaintiff then

returned to her said attorney, and was advised by him to file said note against the estate of said Charles P. Siener, deceased, as aforesaid, in the probate court of the said city of St. Louis, and thereupon, in said year A. D. 1879, the plaintiff filed said note in the said probate court as a claim against the estate of said Charles P. Siener, and the same was duly allowed by the said probate court to the amount of twenty-five cents on the dollar after the total amount of the same and the interest thereon, making the amount of the said note and the interest thereon allowed by the said probate court the sum of $2,510 on the thirteenth day of September, A. D 1879, and that the interest on said sum at the rate of eight per cent. made the total amount due on said note on February 21, 1881, the sum of $2,799.57, and that the said twenty-five cents on the dollar so allowed by the said probate court amounted to the sum of $699.68, was duly paid to plaintiff by the said administratrix from the assets of said estate of said Charles P. Siener, on said note on the twenty-first day of February, A. D. 1881, leaving a balance due on said note at said date of said payment of $2,099.58, and that the said defendant, though often requested and demanded by the plaintiff to pay the balance due on said note refused to pay the same or any part thereof, but stated that she owed plaintiff the same, but there was something wrong with the note, and that she would not pay the same unless compelled to. Plaintiff would further state to this honorable court that, by reason of the great confidence and trust reposed by the said plaintiff in the said defendant as aforesaid, she, the said plaintiff, did not know or discover the facts hereinbefore set out until said year A. D. 1879, and that by reason of the advice and statement of her said attorney aforesaid she did not know that she had any claim or remedy against the said defendant for the amount of said note, and regarded the same by reason of the statements of said attorney as of no effect whatever against the said defendant, and

did not learn or discover that she had a claim and remedy against said defendant for the amount of said note under the law until within one year before the bringing of the suit to recover the same.

"That said defendant has never denied the fact that she received said $1,900 from the plaintiff, nor has said defendant ever or at any time denied that she owed the same to plaintiff, but repeatedly stated that she owed the same to the plaintiff since said year 1879 and year 1881, but, by reason of the condition of the note, she, the said defendant, would not pay the same until compelled to do so.

"Wherefore the said plaintiff prays this honorable court to adjudge and decree that plaintiff have judgment against the said defendant for the said sum of $2,099.58 with interest on the same from the twenty-first day of February, A. D. 1881, together with the cost of this suit, and that the same may be secured by a deed of trust upon said real estate in said city of St. Louis executed by the said defendant to the said plaintiff, and that said judgment be declared by this honorable court as a lien upon the real estate in said city of St. Louis owned as aforesaid by the said defendant and partly purchased with said $1,900 as hereinbefore stated.

"And the said plaintiff further prays this honorable court for such other and further relief and for such orders and decrees that under the circumstances and facts stated she may be entitled to in good faith, good conscience and in equity and as your honor may see right and meet in conscience between the said plaintiff and said defendant, and as in duty bound plaintiff will ever pray."

To this amended petition the defendant demurred, assigning the following ground, viz.: "That said amended petition does not state facts sufficient to constitute a cause of action or to entitle plaintiff to the relief sought."

Thias v. Siener.

Thereupon, the petition was adjudged insufficient; judgment accordingly, and hence this appeal.

The rule is a general one that, where a party comes into a court of equity seeking equitable relief, he must present as a basis for the relief he seeks *an adjudicated demand*, one which has been settled by the judgment of a court of law, and by reason of this fact showing that the plaintiff is entitled to that measure of relief which, owing to the circumstances of the case, can only be obtained in a court of equity.

He must first exhaust his legal remedies before he can successfully apply to a court of chancery for aid. *Merry v. Fremon*, 44 Mo. 518; *Alnutt v. Leper*, 48 Mo. 319; *Martin v. Michael*, 23 Mo. 50; *Crim v. Walker*, 79 Mo. 335.

There are certain exceptional cases unnecessary to be here specified, because not included in the facts alleged in the petition, where a party plaintiff may properly invoke equitable relief, before having his demand settled at law; but these cases stand on their own peculiar grounds and require no further notice. In the case at bar if the defendant had filed answer disputing the debt, a court of equity, if it took jurisdiction, would have to try an ordinary action for debt; but, if it did this, the defendant thereby would be deprived of his right of trial by jury.

As these grounds are amply sufficient to uphold the ruling of the court below, it is unnecessary to urge other grounds which readily suggest themselves on an examination.

We affirm the judgment.    All concur.