# DAVIDSON et al., Appellants, v. DOCKERY et al.

**Division One, February 10, 1904.**

1. **Fraudulent Conveyance:** SUIT BY GENERAL CREDITOR. A mere general creditor who has not reduced his claim to judgment and does not show that he has no adequate remedy at law, can not challenge a deed made by the debtor to others as being in fraud of the right of his creditors. Only judgment creditors, and those who have a legal or equitable lien on the property, and under the statutes of this State creditors who have commenced attachment suits against the property, can maintain an action to set aside a fraudulent conveyance, and they can do so only when they allege and prove that they have no adequate remedy at law.

2. ———: ———: DEVISEE OF FRAUDULENT GRANTOR. The devisee of the grantor in a fraudulent conveyance can not be heard to ask a court of equity to set aside his deed, for such devisee takes under him, and if he could not have the deed set aside the devisee can not. The devisee in this regard is in the same position as an heir.

3. ———: SUBSEQUENT PURCHASER. A subsequent purchaser can not attack a prior conveyance on the ground that it was made with intent to hinder, delay or defraud creditors generally, but only by showing that the fraudulent design was entertained towards him, a subsequent purchaser.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*W. C. Hollister, J. M. McCall* and *O. D. Jones* for appellants.

(1) The petition avers plaintiff is a "creditor" and states the facts out of which the indebtedness arose. It also states the facts that as plainly show that now

she is also a "purchaser subsequent" under a deed confirmed by the will of her father, deceased. The petition shows she is a daughter, but bases no claim to relief on that fact as an heir. The relief asked is based on the facts of having been a creditor and by the deed and will having become a "purchaser subsequent." A child or heir can be a creditor or a purchaser. A son-in-law may purchase his father-in-law's property fraudulently conveyed to the father-in-law's wife and hold it for the mother-in-law. Mellier v. Bartlett, 106 Mo. 381. And good faith conveyances between near relations for value, even in cases where the conveyance may work a preference to the relative, are valid. White v. Ingram, 110 Mo. 474; Dougherty v. Hazel, 91 Mo. 161; Kincaid v. Irwin, 140 Mo. 615; Glasgow Co. v. Burns, 144 Mo. 193. Here plaintiff "changed her condition" to perform services for her parents, the value of which the father admits by his deed and will. At most, none but existing creditors could complain, and these she proposes to pay. Plaintiff was an existing creditor at the time of the voluntary conveyances of the father to the mother, and as such they were and are as to her "clearly and utterly void" (sec. 3398, R. S. 1899), without regard to the purpose or intent of the parties. White v. McPheters, 75 Mo. 286; Bohannon v. Combs, 79 Mo. 305; Snyder v. Free, 114 Mo. 360; Walsh v. Ketchem, 84 Mo. 427; Hoffman v. Nolte, 127 Mo. 120. (2) A fair reading of the petition plainly shows that in fact and law, the plaintiff is "a purchaser subsequent," and although the deeds of John Howk to his son Francis, and that of Francis and wife to Elizabeth, were put on record and plaintiff had actual notice of them, yet it is plainly and conclusively alleged, "that the grantee (Elizabeth Howk) in such conveyance, the person to be benefited by such conveyance, was a party and privy to the fraud intended." Sec. 3399, R. S. 1899; Bonney v. Taylor, 90 Mo. 63. It is expressly averred that the fraud was especially against plaintiff. Evans v. David,

98 Mo. 405. Nor is the petition multifarious. Rinehart v. Long, 95 Mo. 396. After the conveyance to Elizabeth, it being "clearly and utterly void," the title remained in John Howk, in trust for his creditors.

*H. F. Millan* and *Reiger & Reiger* for respondents.

The petition does not state facts sufficient to constitute a cause of action for the following reasons: (1) Plaintiff as a creditor could not maintain this action because her debt or claim was not reduced to a judgment. Merry v. Freemon, 44 Mo. 518; Crim v. Walker, 79 Mo. 335; Almet v. Leper, 48 Mo. 319; Reyburn v. Mitchell, 106 Mo. 365; Mullen v. Hewitt, 103 Mo. 639; Humphrey v. Milling Co., 98 Mo. 548. Is she in any better position by having taken the quitclaim deed? It does not "reduce her claim to a certainty" nor exhaust her legal remedies. Authorities above. (2) A subsequent purchaser can not sue to set aside a former deed of the same grantor as in fraud of creditors. Evans v. David, 98 Mo. 405; Roan v. Winn, 93 Mo. 511; Bonney v. Taylor, 90 Mo. 63; Shaw v. Tracy, 83 Mo. 233 (dissenting opinion); Zoll v. Soper, 75 Mo. 460; Jackman v. Robinson, 64 Mo. 289; Merry v. Freemon, 44 Mo. 518. (3) An heir or devisee can not impeach the acts of their ancestor in the disposition of his property on the ground of fraud. George v. Williamson, 26 Mo. 190; Stevenson v. Edwards, 98 Mo. 622; Thomas v. Thomas, 107 Mo. 459; Whitaker v. Whitaker, 156 Mo. 353.

MARSHALL, J.—This is a bill in equity to remove an alleged cloud on the title to two hundred and forty-eight acres of land, in Adair county. The circuit court sustained the demurrers of certain of the defendants to the petition, the plaintiffs refused to plead further, judgment was entered for the defendants, and the plaintiffs appealed.

The plaintiff Margaret Davidson is a daughter of John Howk, deceased, and the plaintiff James R. Davidson is her husband. There are about forty defendants. The defendant Thomas J. Dockery is the administrator of the estate of said John Howk. The defendant Charles L. Lewis is the administrator of the estate of Elizabeth Howk, deceased, who was the wife of said John Howk. The other defendants are the other children and grandchildren of John and Elizabeth Howk, and their husbands or wives, and the creditors of said John Howk, who have proved up their claims against his estate.

The petition charges that John Howk owned the land in controversy, which was worth thirty-five or forty dollars an acre; that all of the children are of age and living in homes of their own; that fifteen or twenty years before their death, said John and Elizabeth Howk became too old and feeble to care for or feed and clothe themselves, and that at their request the plaintiff Margaret Davidson took them to her house in Knox county, and cared for them, fed and clothed them, nursed them, furnished them medicines, etc., upon the express agreement that she should be paid therefor, and all which is alleged to be of the value of three thousand dollars; that by a deed bearing date October 1, 1894, but which it is alleged was in fact signed and acknowledged thirty days later, and which was recorded on March 5, 1895, said John and Elizabeth Howk conveyed said land to their son Francis M. Howk, for an alleged consideration of eight thousand dollars, but which it is averred was without consideration, and was intended to hinder, delay and defraud the creditors of the said John Howk, and especially the plaintiff, Margaret Davidson; that on November 5, 1895, said Francis M. Howk and wife conveyed said land to Elizabeth Howk, the wife of said John Howk, for a pretended consideration of nine thousand dollars, but that in reality there was no consideration therefor, and that such conveyance was made with

the fraudulent intent to hinder, delay and defraud the creditors of John Howk and especially the plaintiff Margaret Davidson; that Elizabeth Howk died on April 19, 1895 (there is some mistake in the dates, for the deed from Francis to Elizabeth is alleged to have been made November 5, 1895, and therefore it could not be also true that Elizabeth died on April 19, 1895); that on January 16, 1896, John Howk executed a quit-claim deed to the land to the plaintiff, in consideration of two thousand dollars, in part payment for work and labor, board, clothing, nursing and medical aid, furnished by her to him and his said wife; and in consequence of this deed the plaintiff claims to be a purchaser of the land; that on March 2, 1896, "in confirmation" of said deed, and in full consideration of said board, clothing, nursing and medical aid so furnished, said John Howk made his will, whereby he devised the sum of one dollar to each of his other children and grandchildren; and then devised the land in question to the plaintiff, Margaret Davidson, and appointed her sole executrix, without bond, whereby she became the devisee of the land; that by virtue of the care, support, nursing and medical aid furnished as aforesaid, under said express promise to pay for the same, the plaintiff Margaret Davidson became a creditor of the said John Howk, in the sum of three thousand dollars; that John Howk died on March 19, 1896; that the defendant Dockery, the administrator of the estate of John Howk, has published a notice that he will apply to the probate court for an order to sell the land to pay the debts of the estate of John Howk, and that the court will make such an order; that such a sale by the administrator will cast a cloud upon plaintiffs' title to the land; that John Howk did not die seized of said land but that long before his death he conveyed all right, title and interest in the land to the plaintiff, and that she is now the innocent and bona fide owner thereof and the probate court has no jurisdiction over it; that she, Margaret Davidson, is

ready and willing to pay all the just debts of John Howk, and offers, if necessary, to bring the money into court; that defendant Lewis, the administrator of Elizabeth Howk, is now, and ever since his appointment has been, in possession of the property, and has collected about six hundred dollars in rent, which the petition asks that he be required to pay into court, to be applied by the court to the payment of the just debts of John Howk.

The prayer of the petition is that the defendant Dockery, administrator of the estate of John Howk, be enjoined from selling the land; that the deeds from John and Elizabeth Howk to Francis M. Howk, and from Francis M. Howk to Elizabeth Howk, be cancelled; that the court ascertain the debts due by the estate of John Howk, and that the land be decreed to the plaintiff Margaret Davidson, subject to the payment of said debts or so much thereof as remains due after applying thereto the six hundred dollars in the hands of defendant Lewis, administrator of Elizabeth Howk, and for general relief.

Certain of the heirs demurred to the petition, on the ground that they were not necessary parties. Other heirs demurred generally and specially, and also answered by a general denial. Other heirs answered, and denied that the will pleaded by the plaintiff was the will of John Howk, and averred that he was not of sound and disposing mind, but that the alleged will was procured by the undue influence of the plaintiff, and asked that the plaintiff be required to present it to the court, for probate in solemn form, and that it be declared not to be the will of John Howk. The administrators of John and Elizabeth Howk filed separate answers in which they admitted their appointments, but denied generally the other allegations of the petition. Two of the creditors, parties defendant and who had proved up their claims against the estate, demurred generally and specially. The court sustained the de-

murrer filed by the creditors, and also the demurrer filed by certain of the heirs. The plaintiffs refused to plead further, a judgment was entered dismissing the bill, and the plaintiffs appealed.

## I.

The plaintiffs contend that Margaret Davidson is both a creditor and subsequent purchaser of John Howk, and is, therefore, entitled to have the prior conveyances of John Howk to Francis Howk and of Francis Howk to Elizabeth Howk, set aside, on the ground that they are fraudulent and were made to hinder, delay and defraud the creditors of John Howk, and especially the plaintiff, Margaret Davidson.

As a creditor the plaintiff is in no position to challenge the alleged fraudulent deeds, for she is a mere general creditor, and has not reduced her claim to judgment and does not show that she has no adequate remedy at law.

In Mullen v. Hewitt, 103 Mo. l. c. 650, this court, per Gantt, J., said: "It is a general rule that a creditor, before obtaining a judgment and execution, has no certain claim upon the property of his debtor and has no concern with conveyances of any kind affecting their property, for the very good reason that he may never obtain a judgment, and if he does not he can not be injured by any disposition of the property. [Crim v. Walker, 79 Mo. 335; Fisher v. Tallman, 74 Mo. 39, and cases cited.] 'And before resorting to chancery, a creditor must first exhaust his legal remedies, whatever they may be. In doing so he may create a lien upon the property sought to be subjected.' [Merry v. Fremon, 44 Mo. 518.]"

The doctrine announced in that case was re-affirmed in Reyburn v. Mitchell, 106 Mo. l. c. 377, and it was supplemented with the remark: "This rule, of course, applies to claims which are purely legal, and for the satis-

faction of which the creditor has no lien or equitable claim upon specific property."

In Mellier v. Bartlett, 106 Mo. l. c. 390, this court was asked to review and overrule Mullen v. Hewitt, 103 Mo. 639, and the court did review the rule there laid down, and called attention to the fact that in Scott v. Neely, 11 Sup. Ct. Rep. 712, the Supreme Court of the United States had also reviewed the question, and reached the same conclusion that was reached by this court in Mullen v. Hewitt, and so refused to overrule that case.

In Atlas National Bank v. Moran Packing Co., 138 Mo. l. c. 93, this court, per BURGESS, J., quoted the language of BLACK, J., in Humphreys v. Atlantic Milling Co., 98 Mo. 542, as follows: "This succinct statement of the law is in accord with the prior rulings of this court. Whilst it is not necessary in all cases that the creditor's demand shall be first put in judgment, it is essential for him to make out a case which shows that he has no adequate remedy at law." Citing Reyburn v. Mitchell; Mullen v. Hewitt; Crim v. Walker, and Mellier v. Bartlett, supra, and adding, "This is unquestionably the general rule."

In Implement Co. v. Jones, 143 Mo. l. c. 278, this court, per BURGESS, J., said: "Defendants contend that the petition states no cause of action, in that it does not allege the insolvency of either of the judgment debtors, that any effort was made to collect the judgment by execution, or that the plaintiff has no remedy at law. It may be conceded that 'one seeking aid in a court of equity must, as a general rule, first exhaust his remedies at law.' [Merry v. Fremon, 44 Mo. 518; Alnutt v. Leper, 48 Mo. 319; Martin v. Michael, 23 Mo. 50; Crim v. Walker, 79 Mo. 335; Thias v. Siener, 103 Mo. 314; Mullen v. Hewitt, 103 Mo. 639; Mellier v. Bartlett, 106 Mo. 381.] Under this well-established rule the petition in the case in hand states no cause of action, for it does not show that plaintiff had exhausted its remedies at

law, and unless section 571, Revised Statutes 1889, furnishes an exception to the general rule the petition must be held to be insufficient." It is then pointed out that said section permits an attaching creditor to maintain an action to set aside a fraudulent conveyance, and that the plaintiff was an attaching creditor and had acquired a lien on the property, and therefore could maintain the action.

In Ready v. Smith, 170 Mo. l. c. 170, this court, per GANTT, J., again stated the rule that mere general creditors, who have not reduced their claims to judgment and have no lien on the property, either legal, equitable or statutory, can not maintain an action to set aside a fraudulent conveyance. The case of Atlas National Bank v. Moran Packing Co., 138 Mo. 59, was referred to as bearing on another proposition, but the statement therein adopting the rule laid down by BLACK, J., in Humphreys v. Milling Co., that, "whilst it is not necessary in all cases that the creditor's demand shall be first put in judgment, it is essential for him to make out a case which shows that he has no adequate remedy at law," was not referred to.

The rules deducible from these cases may fairly be said to be as follows:

The general rule of law is that a mere general creditor can not maintain an action to set aside a fraudulent conveyance, and the reason of the rule is that he may never get a judgment, and therefore may have no rights which were injuriously affected by the conveyance.

Judgment creditors, and those who have a legal or equitable lien on the property, and under the statute of this State creditors who have commenced attachment suits against the property, can maintain an action to set aside a fraudulent conveyance.

But all creditors must allege and show that they have no adequate remedy at law, because if they have, the aid of a court of equity is unnecessary and will be denied.

It is thus manifest that when it is said that a creditor must show that he has no adequate remedy at law before he can be heard to attack a fraudulent conveyance in equity, only a fundamental rule of equity is announced, and that it applies to all sorts of creditors alike.

But when it is said it is not essential that in all cases the claim be reduced to judgment, that statement applies only to creditors who already have a lien on the land, legal, equitable, or as attaching creditors by virtue of the statute, or to general creditors where they allege and show that they have no adequate remedy at law, as, for instance, where the defendant is wholly insolvent and a judgment at law would be fruitless and where their rights in equity would be prejudiced by the delay caused by the time consumed in procuring a judgment at law. A creditor must reduce his claim to judgment, or secure a lien on the property, or attach the property, or show that the law affords no adequate remedy, before he can be heard in equity to challenge a conveyance for fraud.

The petition shows that the plaintiff has done none of these things in her capacity of creditor, and therefore, as creditor, she has no standing in a court of equity to have the deeds from her father John Howk to Francis Howk and from Francis Howk to Elizabeth Howk, set aside for fraud.

As devisee under the will of John Howk she can not be heard to ask the aid of a court of equity to set aside an alleged fraudulent conveyance of the testator, for she takes under the testator, and if he could not have the deed set aside, the devisee is in no better position. A devisee in this regard is in the same position as an heir, and the rule is that an heir can not maintain an action to set aside a fraudulent conveyance of his ancestor. [Ober v. Howard, 11 Mo. 425; Criddle v. Criddle, 21 Mo. 522; Thomas v. Thomas, 107 Mo. 459.]

Lastly, the plaintiff claims the right under the statute (sec. 3398, R. S. 1899), to attack the conveyance, on the ground that she is a subsequent purchaser, and that notwithstanding the deeds attacked were on record at the time—not of the payment of the purchase money but when the deed was made to her—she can maintain the action, because the grantee or person to be benefited by the conveyance was a party or privy to the fraud intended.

The principle invoked is correct, but the petition does not state a case that falls within the principle.

It is well settled that a subsequent purchaser can not attack a prior conveyance on the ground that it was made with the intent to hinder, delay or defraud creditors, but that "a subsequent purchaser can only defeat a deed for fraud by showing that the fraudulent design was entertained toward him." [Bonney v. Taylor, 90 Mo. 63; Evans v. David, 98 Mo. 405; Reynolds v. Faust, 179 Mo. 21.] In 14 Am. and Eng. Ency. Law (2 Ed.), p. 464, it is said: "It has been generally held in the United States that the fact that a conveyance is made for the purpose of defrauding creditors of the grantor will not, under the statute of 27 Elizabeth, render it void against a subsequent bona fide purchaser for valuable consideration."

The petition does not bring this case within this rule, and does not even attempt to do so. On the contrary, the alleged deeds are distinctly charged to have been intended to defraud *creditors,* and there is not a word said about any intention to defraud subsequent purchasers.

The petition, therefore, does not state a cause of action, and the court properly sustained the demurrers. The judgment of the circuit court is right and is affirmed.

All concur.