THE STATE ex rel. STEVENS MOTOR CAR COMPANY and SOUTHERN COMMERCIAL & SAVINGS BANK v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

In Banc, March 11, 1922.

1. **CONFLICT OF OPINION: Equitable Set-Off: Insolvency.** Where an insolvent judgment creditor, pending a suit against him by the judgment debtor, assigns his judgment to a third party, who takes with notice of the pending suit and of the insolvency of the judgment creditor, and thereafter the judgment debtor in the first suit recovers judgment in his suit against the assignor he has an equitable right to have his judgment set-off against the judgment against him, notwithstanding the assignment.

State ex rel. Motor Car Co. v. Allen.

2. ———: ———: **Demand Liquidated by Judgment.** Where a judgment debtor afterwards recovers a judgment in a suit against his insolvent judgment creditor which was pending at the time of an assignment of the first judgment to a third party, who took with notice of such suit and insolvency, such latter judgment becomes a liquidated demand which can be set off against the first judgment in the hands of the assignee thereof.

3. ———: ———: **Assignee Takes Subject to Existing Equities.** The rule that an insolvent debtor can prefer a creditor even if his object is to prevent another creditor from collecting his debt, and the preferred creditor, although he may know of the fraudulent purpose of his debtor, is not chargeable with fraud if his only motive is securing his own debt, has no application to a case where an insolvent judgment creditor assigns his judgment to his creditor who takes with notice that the judgment debtor has pending at the time of such assignment a suit against the assignor wherein such judgment debtor afterwards recovers a judgment which he seeks to have set off against the judgment against him in the hands of such assignee. In such case the assignee takes the judgment assigned subject to the equitable right of the judgment debtor to have his later judgment set off against the first judgment.

## *Certiorari.*

WRIT QUASHED.

*Leonard, Sibley & McRoberts* for relator, Stevens Motor Company, and *M. W. Feuerbacher* for relator, Southern Commercial and Savings Bank.

(1) A preference shown a bona-fide creditor by an insolvent debtor will be upheld even though the transaction renders a debtor insolvent, and in finding that the Stevens Motor Car Company did not have the right to prefer its creditor, the bank, respondents have failed to follow the rule announced in the latest controlling decisions of the Supreme Court, as follows: Growney v. Lowe, 234 Mo. 696; New England Bank v. Montgomery, 192 S. W. 941; Bank v. Fry, 216 Mo. 34; Shelly v. Booth, 73 Mo. 77; Wall v. Beedy, 161 Mo. 637; Gutta-Percha Mfg. Co. v. Supply Co., 149 Mo. 551; Loewen v. Forsee,

137 Mo. 29.   (2)   The law is well established in this State that a plaintiff shall not be entitled to equitable relief until he has shown that ordinary legal remedies have been exhausted; and in finding that Ford was entitled to equitable relief, respondents have failed to follow the rule announced in the latest controlling decisions of the Supreme Court, as follows: Alnutt v. Leper, 48 Mo. 322; Thias v. Siener, 103 Mo. 323; Benton County v. Morgan, 163 Mo. 679; McKee v. Allen, 204 Mo. 674; Somerville v. Hellman, 210 Mo. 574; Faris v. Moore, 256 Mo. 129.   (3)   Equity will not extend its jurisdiction to sustain as a set-off a sum so uncertain as to require a jury to be impaneled to liquidate it.   The claim of Ford against relator Stevens Motor Car Company was uncertain and unliquidated at the time of the assignment, and it was necessary thereafter to have a jury impaneled to liquidate it.   Respondents, in sustaining said unliquidated claim as a set-off, failed to follow the rule announced in the latest controlling decisions of the Supreme Court, as follows: Field v. Oliver, 43 Mo. 203; Barnes v. McMullins, 78 Mo. 272.

*Abbott, Fauntleroy, Cullen & Hay* for respondents.

(1)   It has been directly held by this court that an assignee takes a judgment subject to all equities, and there is no exception to this doctrine, especially, as in this case, where the assignee took with notice.   Bobb v. Taylor, 56 Mo. 311; Archer v. Ins. Co., 43 Mo. 442; Broadwell v. Yantis, 10 Mo. 399.   (2)   The contention, by petitioner that Ford did not plead and prove facts which entitled him to equitable relief has no lot or part in this case, because the court found that the Stevens Motor Company was insolvent, and it has been held over and over again by this court that insolvency is a sufficient cause for invoking equity.   Smith v. Perry, 197 Mo. 458-9; Reppy v. Reppy, 46 Mo. 573; Field v. Oliver, 43 Mo. 203; Strong v. Gordon, 203 Mo. App. 472.   (3) It is contended by petitioner that there is a conflict be-

cause the Stevens judgment was assigned to the bank before Ford's claim was reduced to judgment. No case from this court so holding has been cited, but on the contrary the cases in this court hold that equity has jurisdiction to allow a set-off even though unliquidated. Smith v. Perry, 197 Mo. 460; Reppy v. Reppy, 46 Mo. 573. (4) This is not a case where an unliquidated claim is being set off against a judgment, but is a case where one judgment is being set off against another judgment as authorized by Sec. 1300, R. S. 1919. Both upon principle and authority it must generally, if not universally, be immaterial whether the two judgments arose out of causes of action of the same or of a different character. It is sufficient that both are final, and that each judgment creditor is in law entitled to payment.

ELDER, J.—Relators seek by writ of *certiorari* to quash a judgment of the St. Louis Court of Appeals entered in the case of J. W. Ford, respondent, v. Stevens Motor Car Company and Southern Commercial and Savings Bank, appellants (relators herein), which judgment affirmed a judgment in favor of respondent rendered by the Circuit Court of the City of St. Louis.

The facts involved are thus stated in the opinion of the Court of Appeals:

"On July 17, 1914, the Stevens Motor Car Company obtained a judgment against respondent for the sum of $1,852.98. On March 8, 1917, respondent recovered judgment against the Stevens Motor Car Company for the sum of $4,276,65. On November 21, 1917, respondent filed an amended motion to set off the last mentioned judgment against the judgment in favor of the Stevens Motor Car Company.

"The motion of respondent sets up the facts related above, and alleges that on March 6, 1917, the Waverly Sales Company, which became the Stevens Motor Car Company, pretended to assign the judgment against Ford to the Southern Commercial and Savings Bank, one of the appellants herein, but avers that said assignment was

364     SUPREME COURT OF MISSOURI,

State ex rel. Motor Car Co. v. Allen.

without consideration, and fraudulently made for the purpose of defrauding the said Ford, and further alleging that the Southern Commercial and Savings Bank (hereafter referred to as the bank) knew at the time of taking the alleged assignment that respondent had filed suit against the Stevens Motor Car Company. Respondent asks that his judgment be set off, and credited with the amount of the judgment held by the Stevens Motor Car Company, and that execution issue for the balance due.

"The Stevens Motor Car Company and the bank filed answers to respondent's motion, putting in issue the validity of the assignment to the bank, and alleging that the judgment of respondent against the motor car company had been appealed from, and that said cause was still pending and undetermined in this court and was not a final judgment.

"Plaintiff offered in evidence, as an admission, the deposition of one Kammerer, cashier of the bank, whose evidence, as shown by said deposition, was that the Stevens Motor Car Company had been indebted to the bank for several years, and that at the time of the assignment it owed the bank $3,600. On the same day the assignment was made the indebtedness was reduced to $2,150. The $3,600 indebtedness was evidenced by one note, which had been renewed eight or nine months prior to the date of the assignment; that Mr. Stevens had always told them at the bank that when the judgment against Ford was paid he would use the proceeds of the payment to liquidate the debt of his company; that the assignment of the judgment was delivered to him at the bank by Mr. Stevens; that Mr. Stevens may have told him of the suit instituted by Mr. Ford against the Stevens Motor Car Company the day before the delivery of the assignment, but that he had not mentioned the matter on any prior occasion. He said that Stevens came to the bank and told him he could give the bank this assignment, and he informed Stevens that 'we want the assignment, if that's the best you can do,' and at that time

he was told that Ford had a case against the Stevens Motor Car Company.

"It appears that this judgment was assigned to the bank on March 5, 1917, and the assignment was made a matter of record on the next day. It appears from the testimony of the cashier of the bank, and of Frank E. Stevens, who was connected with the Stevens Motor Car Company, that the bank had been pressing Stevens for this money, and agreed with him that if he would make a payment of $1,500 and assign this judgment to the bank as collateral, then he would be granted an extension of time for the payment of the remainder, amounting to $2,150.

"It appears from the evidence of Frank E. Stevens, that the Stevens Motor Car Company ceased to be a going concern about April 1, 1917. He states that at the time of the assignment he talked to Mr. Kammerer's attorney about the matter more than he did to Mr. Kammerer, and that at the time the judgment was assigned and the balance on the note renewed, the company was unable to pay the indebtedness in full.

"Respondent introduced the original files in the case of Ford v. Stevens Motor Car Company, and also the files in the case of the Company v. Ford. Both Kammerer and Stevens testified on behalf of the appellants. On cross-examination, Kammerer, cashier of the appellant bank, stated that at the time of the assignment he knew that the Stevens Motor Car Company was being sued by Ford for about $5,000; that he knew that fact the day before the assignment was given, and that he also knew that if judgment for $1,000 was secured against the Stevens Motor Car Company, it would not be able to pay its creditors in full, and that the assignment of the judgment was wanted so that the bank would come in first."

The Court of Appeals held that Ford had an equitable right of set-off and was entitled to have the judgment obtained by him set off against the judgment in favor of the Stevens Motor Car Company.

I.  Relators contend that in holding that Ford was entitled to equitable relief respondents herein have failed to follow the rule announced by this court in the cases of Alnutt v. Leper, 48 Mo. 319, Thias v. Siener, 103 Mo. 314, and Benton County v. Morgan, 163 Mo. 661, to the effect that before a plaintiff is entitled to equitable relief it must be shown that ordinary legal remedies have been exhausted.

*Equitable Set-off: Insolvency.*

It will be noted from the second last paragraph of that portion of the opinion of the Court of Appeals quoted above, that Mr. Stevens, of the Stevens Motor Car Company, stated that at the time the judgment against Ford was assigned and the balance on the note renewed, "the company was unable to pay the indebtedness in full." It will be further noted from the closing paragraph of that portion of the opinion quoted, that Mr. Kammerer, cashier of relator Southern Commercial & Savings Bank, stated that at the time of the assignment he knew that the Stevens Motor Car Company "would not be able to pay its creditors in full." These statements were tantamount to admissions that the Stevens Motor Car Company was insolvent. The opinion of the Court of Appeals had the following to say with respect to the insolvency of the Motor Car Company affording sufficient ground for equitable relief:

"The fact that the Stevens Motor Car Company was insolvent when Ford's judgment against it was obtained, and also at the time it was assigned, and the bank having full knowledge of Ford's claim, and of the insolvency of the motor car company, afforded sufficient ground to warrant the lower court in holding that an equitable right of set-off existed against the judgment and was not affected by the assignment."

This ruling of the Court of Appeals is in entire harmony with the pronouncements of this court upon a state of facts analogous to those in the case at bar. Thus in Field v. Oliver, 43 Mo. 200, where the defendant Oliver endeavored to have two notes given him by plaintiff Field, who was insolvent, set off against an amount

awarded to plaintiff by arbitrators, and which notes were for a greater sum than the amount awarded, it was held that the right of set off existed, the court saying, at page 203: "Where the demand sought to be set off is certain and definite, and the insolvency of the adverse party is admitted, the chancellor has jurisdiction to retain the matter and give full and final redress by decreeing a set-off or any other relief consistent and proper in the case. The rule is founded in reason and justice, and will be enforced when a proper case is made out justifying its application. Now, it would be inequitable that Field should recover satisfaction against Oliver for his demand, leaving Oliver to pursue his remedy against Field, when from the intervention of insolvency no satisfaction of the demand against Field could be obtained."

To the same effect is Reppy v. Reppy, 46 Mo. l. c. 573, where it is said: "When an insolvent plaintiff is suing, equity will take jurisdiction of unliquidated claims, and allow offsets which would not be allowed at law."

Again in Smith v. Perry, 197 Mo. l. c. 459, the principle is enunciated that because a defendant's claims cannot be pleaded as set-offs under the statute it does not necessarily follow that they cannot be pleaded as set-offs in a proceeding in equity, the right to do so depending upon the circumstances, "among which is the insolvency of the party against whom the set-off is claimed." [See also Fulkerson v. Davenport, 70 Mo. 541.]

The cases relied upon by relators lay down an abstract proposition of law which is not to be questioned. However, the principle there announced has no application to the facts here, and we think that the Court of Appeals correctly applied the rule which is apposite to the case under review. Relator's contention cannot be sustained.

II. Relators urge that the claim of the Stevens Motor Car Company was unliquidated at the time of the assignment, and that in sustaining the right of set-off

368     SUPREME COURT OF MISSOURI,

State ex rel. Motor Car Co. v. Allen.

**Demand Liquidated by Judgment.** the Court of Appeals contravened the decisions of this court in Field v. Oliver, 43 Mo. l. c. 203, and Barnes v. McMullins, 78 Mo. l. c. 272.

Under Paragraph I above we have quoted from the opinion in the case of Field v. Oliver, supra. Immediately preceding the passage quoted appears the following sentence, upon which relators rely: "Nor will equity take cognizance of a case, or extend its jurisdiction, to sustain, as a set-off, a sum so uncertain as to require a jury to be impaneled to liquidate it."

In Barnes v. McMullins, supra, Martin, Commissioner, while quoting by way of reasoning, the above sentence from Field v. Oliver, goes on to say, l. c. 274: "In the disposition of this case it may not be necessary to decide whether equity will or will not interfere in behalf of unliquidated counterclaims arising on contract, either at law or in equity, in like manner as in liquidated contracts."

The commissioner then proceeds to find that the cross-demand pleaded was not a cause of action arising on contract, and lays down the rule that equity will not interpose its aid in behalf of a defendant when he asserts an action in tort by way of cross-demand when sued upon a promissory note. The lack of relevancy, in *certiorari,* of this rule to the question before us is manifest; accordingly, for the purposes of this inquiry, the case of Barnes v. McMullins must be discarded.

In making the point urged, relators seem to lose sight of the fact that the claim of Ford had been reduced to judgment before the motion to offset was filed and acted upon. The opinion of the Court of Appeals discloses that the judgment obtained by the Stevens Motor Car Company against Ford was rendered on July 17, 1914; that the judgment recovered by Ford against the motor car company was rendered on March, 8, 1917; and that the motion to set off the last mentioned judgment was filed November 21, 1917. The assignment was made March 5, 1917. According to the opinion, the witness Kammerer, cashier of the bank, stated that the day be-

State ex rel. Motor Car Co. v. Allen.

fore the assignment was given he knew that the motor car company was being sued by Ford for about $5000; that he also knew that if Ford secured a judgment for $5000 the motor car company would not be able to pay its creditors in full; and that for that reason the bank wanted an assignment so that it could come in first. · Within three days after the assignment Ford's claim was reduced to judgment, and later it was moved to set this judgment off against the prior judgment obtained by the motor car company. When the motion to set off was filed, and the order of the trial court sustaining the motion was made, the claim of Ford had ceased to be unliquidated. It was then in judgment form and was presented to counterbalance an unsatisfied but judicially established claim held by the motor car company against Ford. It was no longer ''so uncertain as to require a jury to be impaneled to liquidate it,'' as is argued by relators. The bare principle announced in Field v. Oliver, seized upon by relators, cannot therefore be held applicable or in any sense controlling. And, if the opinion in Field v. Oliver be pursued to its termination, full authority will be found for the conclusion reached by the Court of Appeals. Reppy v. Reppy, 46 Mo. l. c. 573 and Smith v. Perry, 197 Mo. l. c. 459, constitute authority for the proposition that even unliquidated claims may be enforced by way of set-off whenever the circumstances are such as to warrant the interference of equity.

Relators having cited no case of this court which respondents have contravened, and none having come to our attention, the point made is ruled against them.

III. Relators finally contend that ''in finding that the Stevens Motor Car Company did not have the right to prefer its creditor, the bank,'' respondents have failed to follow the rule announced by this court in Growney v. Lowe, 234 Mo. 689, l. c. 696, and a number of other cases cited, all of which hold substantially, as expressed in the Growney Case, that ''an insolvent debtor is allowed to prefer

Preferring Creditor.

a creditor even if his object is to prevent another creditor from collecting his debt, and the preferred creditor, although he may know the fraudulent purpose of his debtor, is not chargeable with fraud if his only motive is securing is own debt.''

An examination of the cases cited by relators reveals that none thereof is based upon facts similar to the facts in the case at bar, nor is the principle of law therein declared applicable here. This, as we have so often held, is a basic requisite for the sustaining of a writ of *certiorari.*

The rule enunciated in the Growney Case, supra, is not denied by the Court of Appeals. What that court holds is that ''the question of the preferment of bona-fide creditors is not involved in this case.'' And so think we.

In its statement of the facts, which we accept as binding on us, the Court of Appeals says:

''The bank took this assignment of the Ford judgment with full knowledge that Ford had a legal claim against the Stevens Motor Car Company for something like $5000. The liability of the Stevens Motor Car Company to Ford was an existing one at the time the assignment was made. The transaction between the Stevens Motor Car Company and the bank was consummated and finally made a matter of record on the very day the case of Ford v. Stevens Motor Car Company went to trial.''

The opinion then proceeds as follows:

''The fact that the Stevens Motor Car Company was insolvent when Ford's judgment against it was obtained, and also at the time it was assigned, and the bank having full knowledge of Ford's claim, and of the insolvency of the motor car company, afforded sufficient ground to warrant the lower court in holding that an equitable right of set-off existed against the judgment and was not affected by the assignment. And as was stated in Coonan v. Lowenthal, 147 Cal. 218, supra, l. c. 225: *'This equitable right of set-off existing between the parties at the time of the rendition of the judgment in favor of Coonan clung to that judgment, and the assignee took it subject thereto.'* '' (Italics ours).

The conclusion thus reached, to-wit, that the bank took the judgment assigned subject to the equitable right of set-off existing between Ford and the motor car company, is in entire harmony with former rulings of this court to the effect that the assignee of a judgment or chose in action takes it subject to all the equities existing between the original parties. [Bobb v. Taylor, 56 Mo. 311; Archer v. Ins. Co., 43 Mo. l. c. 442; Sumrall v. Ins. Co., 40 Mo. 27.] And if the right of set-off followed the judgment, that right would necessarily take precedence over the right of the motor car company to prefer the bank, its creditor, thus eliminating the question of preferment.

The Court of Appeals having found that an equitable right of set-off existed, and, so finding, having in effect applied the principle of law declared by this court in the cases last above mentioned, no conflict was engendered.

After a careful review of the opinion of respondents, and a thorough consideration of the several questions presented by relators, we are convinced that the writ heretofore issued was improvidently granted and should be quashed.

It is so ordered. All concur.